GEORGE A. ROUNSAVILLE, PROSECUTOR, v. CENTRAL RAILROAD COMPANY.

Submitted March 18, 1915—Decided June 7, 1915.

1. The Federal Employers' Liability act deals with an entirely separate matter from the New Jersey Workmen's Compensation act.
2. When a suit is brought in New Jersey for a liability under the Workmen's Compensation act, and the contract of employment is a New Jersey contract, the fact that the accident happened in another state is irrelevant.

On *certiorari* to the Warren Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Elinor R. Gebhardt.*

For the defendant, *Charles E. Miller* and *George Holmes.*

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor was employed by defendant in Phillipsburgh, New Jersey, November 5th, 1911, as a brakeman on a train running between New Jersey and Pennsylvania; his wages were paid in this state. There is no question that the contract of service was a New Jersey contract.   He was injured January 7th, 1915, at Odenweiler, Pennsylvania, while on a train that had come from New Jersey. There is no question that he was engaged in interstate commerce. Two questions are to be decided.

1. Does the Federal Employers' Liability act prevent the applicability of the New Jersey Workmen's Compensation act as the trial judge held?

2. Does the New Jersey Workmen's Compensation act apply where the accident occurs in another state?

1. The Federal Employers' Liability act is an act, as its name imports, to regulate the liability of employers, and, as its body shows, is applicable only to liability in tort for negligence.   No new right of action is given; all that is done is to take away certain defences which had come to be thought unjust.   The legal liability of the employer under the act does not depend upon the terms of the contract of service, and is neither increased nor diminished thereby.   The amount of the pecuniary liability is in no way regulated or limited. The act applies only to certain classes of employers.   In all these respects the Workmen's Compensation act differs.   Liability thereunder is contractual, and while the contract liability is implied from silence, either party is at liberty to adopt or reject the statutory contract.   A new right of action is given, of a character unknown to our law, at least for several centuries.   The liability of the employer depends not on any fault of his own or his servants, but on whether by act or by silence, he has adopted the statutory terms.   The amount of his pecuniary liability is fixed by statute and not

by the verdict of a jury. Employer and employe adopt as a part of their contract a novel method of procedure in which the liability and the compensation are determined by the judge instead of by a jury. And the compensation is ordinarily meant to be paid by installments, in lieu of wages as it were, and may be changed if circumstances change. The scheme is more like a pension scheme than a liability for a breach of contract, or damages in tort. The difference between the two kinds of legislation is illustrated in our act. Section 1 is an employer's liability act similar to the act of congress, and regulates the liability in a common law action of tort. Section 2 creates and regulates the new statutory right. But for paragraph 8 of section 2, there might have been a double recovery, a recovery for the tort in a common law action, and a recovery of the statutory compensation by means of the statutory procedure. Nor would that double recovery have been illegal, however unjust it might be and was in fact considered to be by the legislature; for compensation by way of pension from the master is quite different in character from compensation by a tort-feasor, master or third person, for a wrong not arising out of contract.

We think it clear that the act of congress deals with an entirely separate matter from the act of our own legislature. No confusion would have arisen if the distinction recently pointed out by Justice Trenchard had been observed in the early days of this kind of legislation. *Gregulis* v. *Waclark Wire Works,* 86 *N. J. L.* 610.

2. The question whether our act applies in a case where the accident happens in another state is novel. The case is the converse of *American Radiator Co.* v. *Rogge,* 86 *N. J. L.* 436. Our language in the opinion seems to have been misapprehended by counsel. We did not rest the right to recover upon the theory that the question was merely one of evidence to be controlled by the law of the forum. We said that the statute stated the obligation in terms of the law of evidence, and that rules of evidence are rules of procedure, but we added that the view was technical and that we did not rest on it alone. It would have been better to omit the

word "alone;" but no ambiguity can arise in view of what follows. We said that the real object of the statute was to create an irrebutable presumption, that such a presumption was in effect a rule of substantive law, and as such we dealt with it. The whole opinion shows that the case was rested upon the public policy of New Jersey as declared in this statute. We do not question that if the present action were brought in Pennsylvania, the court there would be justified, on the authority of American Radiator Co. *v.* Rogge, in holding that the statutory terms of the New Jersey contract ought not to prevail if in conflict with the legislation of Pennsylvania. That is not the present case. We are now dealing with the simpler question, whether a New Jersey court will enforce a New Jersey contract according to the terms of a New Jersey statute. The question hardly calls for an answer. The place where the accident occurs is of no more relevance than is the place of accident to the assured in an action on a contract of accident insurance, or the place of death of the assured in an action on a contract of life insurance.

There is no proof in the pending case as to the law of Pennsylvania. If it be said that the Pennsylvania law may provide a different scheme of compensation, and that the effect of our decision may be to allow a double recovery, we can only say that questions of that kind had better be dealt with as they arise, and in the light of the exact scheme of compensation that may be involved. It is enough for the present to say that recovery of compensation in two states is no more illegal, and is not necessarily more unjust than recovery upon two policies of accident or life insurance.

These views necessitate the reversal of this judgment and the remand of the case to the Common Pleas for further proceedings in accordance with this opinion. No costs are allowed.