## CRESCI v. STANDARD FISHERIES et al.

(District Court, N. D. California, S. D. June 8, 1925.)

No. 18563.

1. Courts ⟨=⟩375—Libel for wages, maintenance, and cure arising from personal injury held contractual in nature within California limitations statute; "contract."

Seaman's libel for wages, maintenance, and cure, arising from personal injury sustained on a vessel, no negligence being alleged, *held* contractual in nature within Code Civ. Proc. Cal. §§ 337, 339, and not barred on analogy with California statute of limitations; section 340, subd. 3, prescribing one-year limitation for certain tort actions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

2. Seamen ⟨=⟩11—Obligations owing by master to seaman stated; breach gives seaman injured thereby an alternative right in rem or personam.

Among the implied obligations of master and owner are positive duty to accord treatment to a seaman after he had been injured in service of the ship, and duty to supply ship with food and medicines and to furnish them to the crew during their voyage, and for a breach of such obligations an alternative right in rem or in personam arises in favor of a seaman injured by such treatment.

In Admiralty. Libel in personam by G. Cresci against the Standard Fisheries, a corporation, and another. On exceptions of defendants. Exceptions overruled.

J. M. Wallace, of San Francisco, Cal., for libelant.

J. Hampton Hoge, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. These are exceptions to a libel in personam by a seaman for wages, maintenance, and cure.

The libel was filed on February 18, 1925. It alleges the occurrence of an injury to libelant, while in the performance of his duty as a seaman on board the steamship Condare, on the 13th day of April, 1923. A second injury is alleged to have been suffered by him, while in performance of his duty as a seaman on board the steamship

Antoni, on the 30th day of December, 1923. Respondents have excepted on the ground of laches, contending that, by analogy to section 340, subd. 3, of the California Code of Civil Procedure, libelant's right of action is barred.

That section provides that the following actions must be commenced within one year of the time when they accrue: "An action for libel, slander, assault, battery, false imprisonment, seduction or for injury to or for the death of one caused by the wrongful act or neglect of another. * * *"

On the other hand, section 337 provides a four-year limitation for actions "upon any contract, obligation or liability found upon an instrument in writing," while section 339 fixes a two-year period for such actions, where no written instrument is involved.

The question thus arises: Is a libel for maintenance and cure an action for injury to a person "caused by the wrongful act or neglect of another," or is it an action based on contract? If the former, then, on the analogy of the California statute of limitations for such actions, libelant's right is barred in a court of admiralty. Davis v. Smokeless Fuel Co., 196 F. 753, 755, 116 C. C. A. 381; McGrath v. Panama Railway Co. (C. C. A.) 298 F. 303.

It is to be observed that this libel contains no allegation of negligence or any wrongful act on the part of respondents or either of them. Libelant alleges that he "stepped upon a fish on the deck of the said vessel, and as a result fell violently upon the deck, and thereby severely injured his back and spine"; also that he "injured his back and spine while and as a result of his pulling a fishing net into the said vessel." Under these circumstances there clearly would be no liability under the state law; a fact which in and of itself would seem to render all analogies to that law inapplicable.

On the other hand, it is quite clear that an action for maintenance and cure is contractual in its nature. As said in 35 Cyc. at page 1200: "Under the maritime law, it is the duty of a vessel to care for a seaman taken sick on the voyage and to bear the expense of his medical treatment, * * * even though the cause of the injury can be attributed to no one." In fact, the distinction between actions for compensatory damages and those for maintenance and cure has always been recognized. Hughes, Admiralty (2d Ed.) § 101.

[1, 2] The latter are, as stated, in reality actions for breach of contract. Although the

articles may be wholly silent upon such points, law and reason imply certain obligations on the part of the master and owner to the mariner, which are equally imperative as those expressed in writing. Among these are the positive duty to accord good treatment to a seaman after he has been injured in the service of the ship, and the duty to supply the ship with food and medicines and to furnish them to the crew during the voyage. In case of breach by the master or the owner of any of these obligations an alternative right in rem or in personam arises in favor of a seaman injured by such breach.

In every case, the duty arises by implication of law out of the relation of master and mariner, or that of owner and seaman. Since these are relations created by contract, the duty itself must be held to arise from a like source; for the incidents of a relation are inseparable from the relation itself.

It follows that the libel in this case was filed in time, and that the exceptions to it must be overruled.