## CHALMERS v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4428.

1. **Limitation of actions ⬤═31—Cause of action held "ex delicto" within state statute of limitations.**

Action against railroad maintaining hospital to care for injured employés which alleged that railroad, in violation of contract, refused to use X-ray to diagnose broken bone, as a consequence of which surgical treatment proved valueless, *held* "action ex delicto" within Code Civ. Proc. Cal. § 340, subd. 3, requiring action to be brought within one year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action ex Delicto.]

2. **Courts ⬤═366(1) — Construction of state statute by state court binding on federal court sitting within state.**

Construction of a state statute by a state court is binding on federal court sitting within state.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action by Ira B. Chalmers against the Southern Pacific Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Theodore M. Stuart, of Fresno, Cal., for plaintiff in error.

L. L. Cory, of Fresno, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The complaint in this case sets forth substantially the following cause of action: That during the years 1920 and 1921, and for some years prior thereto, the plaintiff was in the employ of the defendant as a freight conductor, under a written contract of employment; that by the terms of this contract the defendant agreed, in case of injury to the plaintiff, to furnish him with medical and surgical treatment and hospital care and attention; that in consideration thereof the plaintiff agreed to and did pay to the defendant the sum of 75 cents per month during each and every month of his employment; that the defendant employed in its hospital department a large number of physicians and surgeons, and maintained a general hospital and division hospitals equipped with the latest X-ray apparatus, and employed experts to operate them; that proper treatment of a fractured vertebra in the spinal column requires the use of the X-ray, and that it is impossible to give the necessary or proper treatment for such an injury without such use; that, while in the employ of the defendant, the plaintiff was injured, in that his back was broken as the result of a collision between the train on which he was employed and another train; that such injury consisted of a compressed fracture of the third lumbar vertebra and also of the fifth lumbar vertebra; that commencing about March 1, 1920, the defendant undertook to care for and treat the plaintiff for his said injury; that, in violation of its contract, the defendant failed and refused to use X-ray appliances and apparatus to diagnose the broken bone; that because of such failure the defendant failed to discover that the plaintiff was suffering from such broken vertebræ, and in consequence thereof the medical and surgical treatment furnished proved valueless; that the defendant failed to furnish plaintiff in error any hospital care whatever; that the plaintiff requested defendant to send him to one of its hospitals and requested its surgeons to make an X-ray examination of his injury, but that, in violation of its contract, the defendant refused so to do; that the various surgeons of defendant, who had plaintiff in charge, disagreed as to his condition and failed and refused to hold a consultation, and failed and refused to furnish plaintiff in error with any hospital care or nursing, or with the necessary medical and surgical treatment. Among other defenses, the defendant pleaded the statute of limitations of the state of California, which provides that an action for libel, slander, assault, battery, false imprisonment, seduction, or for injury

to or for the death of one caused by the wrongful act or neglect of another shall be commenced within one year. Code of Civil Procedure, § 340, subd. 3.

At the close of the testimony on the part of the plaintiff, the court directed a judgment of nonsuit upon the ground that the action was barred by the statute of limitations of the state, and a writ of error has been sued out to review the judgment.

[1] The character of the action is the sole question presented for consideration here; the plaintiff in error contending that it is an action ex contractu, and the defendant in error that it is an action ex delicto. Whatever may be said of the cause of action disclosed by the complaint, we see no escape from the conclusion that the cause of action disclosed by the testimony was an action ex delicto within the meaning of the statute of limitations of the state, as construed by its highest court, because under the testimony, the alleged breach of contract consisted, not in a failure or refusal to furnish medical and surgical treatment or hospital care and attention, but in a failure to furnish medical and surgical treatment with due care and in a proper manner. In Harding v. Liberty Hospital Corporation, 177 Cal. 520, 171 P. 98, the plaintiff entered into a contract with the hospital association to furnish medical and surgical treatment when rendered necessary by accidental injury, sickness, or disease. The plaintiff suffered an injury to her knee, and the injury was treated by a surgeon employed by the hospital association, but in a negligent and improper manner. An action was brought on the contract to recover damages for the injury thus sustained, and the one-year statute of limitations was interposed as a defense. After quoting the statute, the court said:

"The appellants herein contend that the cause of action set forth in their complaint is one arising out of the breach of the plaintiff Margaret A. Harding's contract with the defendant, such breach consisting in its failure to furnish adequate and competent surgical treatment for her injured limb, and hence that her cause of action, being one for the breach of a written contract, does not come within the scope or effect of subdivision 3 of section 340 of the Code of Civil Procedure. Notwithstanding the elaboration with which the plaintiffs have undertaken to set forth the terms and provisions of their said contract, we are of the opinion that the gravamen of this action consists in the alleged negligent acts of the

8 F.(2d)—31

chief surgeon of the defendant, consisting in his unskillful setting of the said plaintiff's injured limb, by reason solely of which the plaintiff's alleged injury and damage arose."

And in closing the opinion the court said:

"Notwithstanding the conflict of authority from other jurisdictions, we are satisfied that it has become the settled rule in California that actions for injuries caused by the negligent acts of another or his agent must be commenced within the period of one year from the date of the alleged injury, and that the fact that the parties stand in contractual relation to each other does not operate to change the rule or extend the time for the commencement of such actions."

[2] In that case, as in this, there was a failure to furnish proper medical and surgical treatment. In that case there were acts of commission; in this case there were acts of omission. We see no other distinction between the two cases, and this of course is a distinction without a difference. Under the settled rule in California, therefore, the cause of action disclosed by the testimony was barred by the statute of limitations of the state, and that construction is binding upon a federal court sitting within the state.

The judgment of the court below is affirmed.