## WILLEY v. ALASKA PACKERS' ASS'N.

(District Court, N. D. California, S. D. December 17, 1925. On Motion for Rehearing, January 5, 1926.)

### No. 18235.

**1. Death ⊂⇒14(1)—Failure to provide medical attention held not to give cause of action for death from "wrongful act or neglect."**

Vessel owner's failure to furnish medical attention to seaman as agreed did not give seaman's executor a cause of action for death by "wrongful act or neglect," within Code Civ. Proc. Cal. § 377, which applies only to torts.

**2. Judgment ⊂⇒828(3)—Judgment of state court in seaman's action for breach of contract to furnish medical attention held conclusive in action by seaman's executor.**

Judgment of state court in seaman's action for vessel owner's breach of contract to furnish medical attention was conclusive in subsequent action in federal court by seaman's executor for seaman's death.

**3. Seamen ⊂⇒11—Duty to furnish medical attention to seamen does not require inquiry as to latent ailments.**

Though it is duty of master or owner to furnish proper medical attention and necessities to seamen, whether they request it or not, he is not bound to inquire as to latent ailments, where a seaman does not consider himself sick and makes no complaint.

### On Motion for Rehearing.

**4. Master and servant ⊂⇒87—Federal Employers' Liability Act creates liability based on tort.**

Federal Employers' Liability Act, § 1 (Comp. St. § 8657), giving cause of action for death resulting from carrier's negligence, creates liability based on tort, and not on contract.

**5. Action ⊂⇒27(1)—Injured person may elect to bring action ex delicto for negligent breach of contract.**

Where negligent breach of contract violates common-law duty, injured person may

elect to bring action ex delicto, instead of on contract.

**6. Action ⊜⟹27(1)—Active negligence or misfeasance necessary to support tort action based on breach of contract.**

Tort action does not lie for total omission to perform contractual duty, even if willful, but there must be some active negligence or misfeasance.

In Admiralty. Suit by Charles G. Willey, executor of the last will and testament of I. C. Kleppe, deceased, against the Alaska Packers' Association. Decree for defendant.

H. W. Hutton, of San Francisco, Cal., for libelant.

Chickering & Gregory and Donald M. Gregory, all of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. This is a suit brought by the executor of the last will and testament of I. C. Kleppe, for damages for the death of the latter, who, on April 3, 1922, shipped as a seaman on respondent's vessel, the Star of Finland, for an Alaskan fishing voyage. The articles contained the following provision: "All parties of the second part, while engaged under this contract, shall receive medical and surgical attendance and medical and surgical necessities."

As a party of the second part, Kleppe undertook the management of a small fishing tender called the Goney, which was operated near Alitak, Alaska. In July, while cleaning her bottom, he fell overboard, and as a result contracted a severe cold. This was followed by a bad cough, from which death by tuberculosis eventually followed. The contention of his executor is that tuberculosis is an arrestable disease, and that in this case it was directly traceable to a cold, which would have been cured if the deceased had been furnished with timely medical attention.

This contention was made during his lifetime, in an action for damages in the superior court of the state of California, in and for the city and county of San Francisco, where in a trial before a jury judgment was rendered for the respondent. Willey v. Alaska Packers' Association (Cal. App.) 238 P. 1087. Of course it cannot again be made in this court, if the same cause of action is involved.

[1] The theory of libelant's case appears to be that respondent's failure to perform the duty which it owed to Kleppe to furnish him with medical attention and necessities not only operated injuriously upon him, but also upon the persons on whose behalf this suit is brought. Section 377, Code Civ. Proc. Cal., it is argued, does not merely enable an administrator or executor to enforce claims for personal injuries to his decedent, as is done by some statutes, but creates new and entirely independent rights, to which he does not *succeed*, but which on behalf of other persons he is empowered to enforce.

That section, however, by its express terms is applicable only to cases of "death * * * caused by the wrongful act or neglect of another"; in other words, to cases of tort and not of contract. Thus construed, it has no possible reference to the instant case, where no positive wrong on the part of respondent has been alleged, and where the only affirmative duty shown to have been omitted was wholly contractual. The fact that this duty, in addition to being within the terms of a written contract, also was imposed by federal statute, in no way changes the situation. As I held in Cresci v. Standard Fisheries Co., 7 F.(2d) 378, a vessel owner's statutory obligation to furnish maintenance and cure is only one of the incidents which the law affixes to every contract of marine employment, and breach of it creates a liability which in its essence is wholly dependent on contract. The libel, therefore, does not state a cause of action for death "by wrongful act or neglect," within the meaning of the Code section above referred to.

[2] Taken as an assertion of libelant's rights upon the contract, it must fall before the defense of prior adjudication, which respondent sets up. The judgment of the superior court upon this question is conclusive, for a personal representative can have no rights superior to those of his decedent, with whom he necessarily is in privity. Since Kleppe was barred by it, its estoppel must also be held to run against his executor.

[3] But, treating the case as hitherto undetermined, on the merits respondent likewise is entitled to prevail. There is an abundance of evidence in the record, to the effect that Kleppe's death resulted, if not from his own negligence, in any event from the fault of no one else. Such was the finding of the jury in the state court, where similar evidence was offered, and such, unaffected by its decision, is mine. Though it manifestly is the duty of a master (or owner) to furnish proper medical attention and necessities to the seamen over whom he has charge, whether they request it or not (The Iroquois, 194 U. S. 240, 246, 24 S. Ct. 640, 48 L. Ed. 955), where a seaman himself does not con-

sider himself sick, and makes no complaint whatever, this obligation cannot be held so extensive as to require inquiry as to latent ailments. This was the holding of the District Court of Appeal in Willey v. Alaska Packers' Ass'n, supra, and it is a proper statement of the law.

Other points made by respondent do not require my consideration. On technical grounds, and on the facts as well, the libel herein must be dismissed, and a decree entered against the libelant, without costs.

It is so ordered.

## On Motion for Rehearing.

Plaintiff has petitioned for a rehearing, evidently believing that in the opinion heretofore rendered I stressed the word "wrongfully" in construing C. C. P. Cal. § 377. That word, however, I used only as one contained in a portion of the section itself, and did not intend to give it any particular significance. The section applies, as before stated, to cases of death caused by wrongful act or neglect, and in no way to breaches of contract as such.

[4] Section 1 of the federal Employers' Liability Act (Comp. St. § 8657), to which my attention has been directed, creates rights of action for "death resulting in whole or in part from the *negligence* of any of the officers, agents, or employees of [a] carrier, or by reason of any defect or insufficiency, due to its *negligence.* * * *" Here the word "wrongful" has been left out; but in my opinion its omission produces no different result, for the liability intended to be created, like that under the California Code, is purely one in tort.

Libelant maintains that under this act the liability for injuries incurred by railroad employees (and seamen) in each case rises out of a contract of employment, and hence that the contractual origin of the duty said to have been violated here is immaterial. This amounts to saying that as a result of the act the law implies, as a term of the contract of employment, an agreement that the employer's agents, officers, and other representatives will take due care not to injure the employee, and to say the least is artificial. Furthermore, the history of the act, traceable in reported cases, shows that Congress intended to *add* no such legal implication to the contract.

"The federal Employers' Liability Act is an act, as its name imports, to regulate the liability of employers, and, as its body shows, is applicable only to liability in tort for negligence. *No new right of action is given;*

all that is done is to take away certain defenses which had come to be thought unjust. *The legal liability of the employer under the act does not depend upon the terms of the contract of service, and is neither increased nor diminished thereby.*" Rounsaville v. Central Ry. Co., 87 N. J. Law, 371, 94 A. 392.

Libelant answers this by saying that the instant case actually is one of negligence, and that, because negligence results in tort, a recovery may be allowed. If such be the rule, then every negligent breach of contract must be a tort, for the decedent in this case was injured through the active fault of no one but himself, and the only affirmative duty alleged to have been omitted by respondent, depends entirely upon a contractual obligation.

[5, 6] Whenever a negligent breach of contract at the same time is also a violation of a common-law duty, if the person injured so elects an action ex delicto will lie. Hence, if the decedent had been furnished with bad medicine or had been unskillfully treated, there would be merit in libelant's contention. Galveston, Houston, & Southern Railway Co. v. Hennegan, infra; Chalmers v. Southern Pacific Co. (C. C. A. 9) 8 F.(2d) 480. But an important and well-grounded distinction is made as to cases of nonfeasance in the performance of a contract, and it universally is held that a tort action may not be founded on a total omission to perform. 26 R. C. L. 758; 12 L. R. A. (N. S.) 929, note. As a general rule, there must be some active negligence or misfeasance (Tuttle v. George H. Gilbert Manufacturing Co., 145 Mass. 169, 13 N. E. 465), and I take it to be the law that even a willful neglect to perform a contract is insufficient. Arnold v. Clark, 45 N. Y. Super. Ct. 256.

But one authority has been discovered which is on all fours with the present case. Galveston, Houston & Southern Railway Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452, 453. There it was held, in a carefully reasoned opinion, that where an employer fails to furnish an employee with medical attention, as he has agreed to do, the employee's cause of action is for breach of contract, and not in tort for negligence. Cooley, Pollock, Shearman & Redfield, and Bishop are shown to be as one upon the question. An omission to perform a contract may not be treated as negligence. The case is directly in point and decisive.

On no theory is libelant entitled to recover, for his contract action under C. C. P. Cal. § 1582, is barred by the defense of prior

adjudication, and no other provision of state or federal law is applicable to his case.

Rehearing denied.