[No. 3175. March 8, 1929.]

HUGHEY v. WARE et al.

[276 Pac. 27.]

Marron & Wood, of Albuquerque, for appellant.

Francis C. Wilson and Thomas H. Dodge, both of Santa Fe, for appellees.

## OPINION OF THE COURT

WATSON, J. Appellant, while in the employ of one Ware, was injured at Albuquerque, in this state, and by petition filed in the district court of Bernalillo county invoked the provisions of the New Mexico Workmen's Compensation Act (chapter 83, Laws 1917, as amended). He alleged that appellee, the Maryland Casualty Company, had issued a policy of insurance under said act.

Appellee filed a motion to dismiss the petition, therein alleging that both appellant and Ware were residents of Texas, and that the contract of employment was made in that state, and that Ware had carried a compensation policy with the Union Indemnity Company, which covered his operations for all contracts of employment made in Texas, regardless of the place of injury; that after the injury appellant made claim against both Union Indemnity Company and appellee, Maryland Casualty Company; that the latter company contended that the accident was covered by the laws of Texas and by the policy of the Union Indemnity Company; that the question of liability as against both companies was submitted to the Industrial Accident Board of Texas, which acquitted and discharged appellant from all liability, and made an award against Union Indemnity Company of $20 per week for the term of 16 weeks; that there had been no appeal; and that the award had been in part carried out.

The court rendered final judgment dismissing the petition, upon the ground that it was without jurisdiction to entertain the claim, for the reasons that the contract of employment was made in Texas, the accident was covered by the laws of that state, and that the award of the Industrial Accident Board of Texas barred further recovery in this state.

The adoption of workmen's compensation laws in most of the states, and the fact that many employers and employees do not confine their businesses or their activities to any one state, have given rise to a number of interesting questions, in process of settlement during recent years, of the extraterritorial effect of the statutes, and of conflict of laws.

It is appellees' contention, as we understand it, that the Texas statute is elective; that, being so, it has extraterritorial effect; that it is to be read into all contracts of employment made in Texas; and that, if any jurisdiction resides in the courts of this state to award compensation for the injury, it is jurisdiction to execute the law of Texas only. If that were the end of the matter, it might be questioned which law should be read into the contract of employment. It would seem, from the facts pleaded in the motions, that the contract was one to be performed in New Mexico. The allegation is "that * * * claimant * * * was hired * * * in the city of El Paso, state of Texas, as foreman * * * for work undertaken by the said Howard T. Ware in the city of Albuquerque, state of New Mexico. * * *"

But these questions are not necessary of decision. The material matter is that appellant has invoked the Texas statute, and has obtained the compensation which the Texas law affords. This fact forces appellant to contend that, where an employee comes within the provisions of two statutes, he may have the benefit of both. It is this question only that requires answer here.

Appellant's principal reliance is upon Rounsaville v. Central R. Co., 87 N. J. Law, 371, 94 A. 392. There the question involved was whether an employee, residing and contracting in New Jersey, could recover for an injury occurring in Pennsylvania. It was held that he could. The opinion concludes with this paragraph:

"There is no proof in the pending case as to the Law of Pennsylvania. If it be said that the Pennsylvania law may provide a different scheme of compensation, and that the effect of our decision may be to allow a double recovery, we can only say that questions of that kind had better be dealt with as they arise, and in the light of the exact scheme of compensation that may be in-

volved. It is enough for the present to say that recovery of compensation in two states is no more illegal, and is not necessarily more unjust, than recovery upon two policies of accident or life insurance."

This case has been frequently cited. The foregoing statement is not precedent, since there was no claim that the workman had applied for or received compensation under the Pennsylvania law. Schneider, in his work on Workmen's Compensation (volume 1, § 47), thus comments:

"It would appear, therefore, in the case of an employee injured in Missouri, in the performance of a contract made in Indiana, that he would have the right at his option to proceed against his employer either under the Missouri act, or the Indiana act, or perhaps even under both, as in reply to the contention that to give an act extraterritorial operation might permit a double recovery, the New Jersey court said: 'Recovery of compensation in two states is no more illegal, and is not necessarily more unjust, than recovery upon two policies of accident or life insurance.' To thus allow double recovery is in the author's opinion bad policy and contrary to one of the fundamental principles of workmen's compensation, in that, if the employee were to receive more compensation while disabled than while working, the temptation to malinger and prolong his period of disability would be great. In addition this would be penalizing the employer for his industry in extending his business to other states, not to mention questions of interstate comity and res adjudicata. The author prefers in such cases, as a matter of comity, the theory of concurrent jurisdiction."

Honnold (volume 1, § 8) has this to say:

"The fact that the employer is also liable for compensation under the law of the foreign state where the accident occurred does not prevent the California act from also applying where both the employer and employe reside in California and the employment contract was made in that state, it not being unusual for the law of two different states to govern the same transaction. In answer to the contention that to give an Act an extraterritorial operation might permit a double recovery, the New Jersey court said: 'Recovery of compensation in two states is no more illegal, and is not necessarily more unjust, than recovery upon two policies of accident or life insurance.' If both the employer, the industry being conducted outside the state, and the injured employe, are nonresidents, but the accident occurs in California, the Commission has stated that on grounds of comity it will refer the case to the domestic forum of the parties and decline to try the proceedings, unless the convenience of both litigants otherwise requires."

While the foregoing text would seem to indicate some approval of the dictum in the Rounsaville Case, the California practice mentioned, in a case like this, does not support appellant's view.

No case has been brought to our attention in which double indemnity has been allowed. In Gilbert v. Des Lauriers Column Mould Co., 180 App. Div. 59, 167 N. Y. S. 274, a New York contract of employment and a New Jersey injury were involved. The claimant made application for, and was allowed, compensation under the New Jersey act, and some payments had been made. Subsequently he made application in New York under the law of that state. He was given an award, which credited to the insurer the amount paid under the New Jersey reward. The Appellate Division saw no error in this. It considered, as a matter of law, that the New York statute applied to the case, and that the fact that the New Jersey statute had been, perhaps erroneously, invoked did not deprive the claimant of his rights under the New York law. This decision does not support the double compensation theory. So far as appears, no one contended that the claimant could retain what he had received under the New Jersey award, and still receive full compensation under the New York act.

In a later decision by the same court (Minto v. Hitchings & Co., 204 App. Div. 661, 198 N. Y. S. 610) the employer and employee were both residents of New Jersey and the injury occurred in New York. We infer that the contract of employment was made in New Jersey, since the Gilbert Case is said to be distinguishable, as based on a New York contract. The claimant had previously applied for and had been awarded compensation under the New Jersey statute. He then applied to the New York Industrial Board, which allowed his claim with a provision for deduction of the sums paid under the New Jersey award. The objection made on appeal was "that claimant must be content with the compensation awarded him under the New Jersey statute, and that, having applied for and having been awarded compensation under that statute, he is precluded from proceeding under the laws of this state." The Appellate Division dealt with the question rather summarily. It said:

"It does not appear that the New Jersey law is contrary to our law or policy, and in that event we should recognize the force of the New Jersey law. This case is a typical case to settle the question here involved, and must, from the nature of big busi-

ness, continuously arise. It should not be left open. It is unseemly for a person to seek redress under the law of his own state, succeed, and afterwards institute the same proceedings in a different forum under the law of another state. Claimant, residing in the state of New Jersey, having hired out in that state to an employer residing in and who carries on his principal business in that state, and having received compensation for injuries under the Compensation Law of that state, is estopped from later seeking like redress in this state."

This decision, if correct, disposes of appellant's contention that, when a case is presented falling within the terms of our statute, we are to administer the law, regardless of the fact that the case is also within the provisions of the act of a sister state, or of the fact that the foreign statute has been invoked and an award made under it. Undoubtedly, if the present contention were made in New York, it would be overruled. We find no other cases in point; but the whole body of the decisions is adverse to the theory here presented. The question has been which law applied to the particular case, and which state should administer it. We find but the one case even suggesting the idea of double compensation.

There was but one accident. It is the public policy of this state that, for such accident, compensation shall be made in a certain amount, to secure the injured employee against want, and to avoid his becoming a public charge. The employer is required to carry compensation insurance. This is a device to place upon the industry as a whole the cost of the prescribed compensation. In the case at bar it appears that the industry has already borne the cost imposed upon it by Texas law. That may be more or less than under our law. But, if both laws may be invoked, the charge imposed upon the industry by the public policy of either state will be exceeded.

We need not at this time go the whole length with the decisions last mentioned. We need not decide whether appellant, by invoking Texas law, irrevocably renounced all rights under New Mexico law. We cannot doubt that what he has received under the Texas award is chargeable to him, and to be credited to the industry upon which the expense ultimately falls, as though voluntarily paid and accepted. Appellant's position is that, without abandoning any benefits received, he may have the full compensation

which the public policy of New Mexico has prescribed. He contends that being within the terms of two state compensation laws is analogous to being insured under two accident policies. The analogy is false. Public policy has not as yet concerned itself with the amount of accident insurance one may carry at his own expense. It is concerned with the amount of compensation, because the cost, originally chargeable to his employer, is passed on, in theory, at least, to society, by the addition it makes to the cost of producing what the public consumes.

Finding no error, the judgment will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.