531 P.2d 543

**S. W. STELL, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Mallin Brothers Iron and Metal Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1106.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 11, 1975.

Jerome & Gibson, P.C. by D. A. Jerome, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission by Greg L. Folger, Phoenix, Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondents employer and carrier.

## OPINION

WREN, Judge.

The question presented on this appeal is whether the Industrial Commission abused its discretion in denying petitioner's request for commutation of compensation to a lump sum payment. We find that it did not.

On October 24, 1969, petitioner, S. W. Stell, suffered an industrial injury to his back. His claim for benefits under the Arizona Workmen's Compensation Act was accepted by respondent insurance carrier. In June of 1971, the Commission entered an award for unscheduled permanent partial disability pursuant to A.R.S. § 23–1044(C), entitling petitioner to $160.30 per month.

In August of 1973, petitioner requested the Commission, pursuant to A.R.S. § 23–1067(B), to commute his compensation award to a lump sum payment so that he could engage in the business of raising hogs. It was denied. Following a hearing, the Commission again entered an order refusing his request. Thereafter, petitioner filed a petition for writ of certiorari with this court.

A.R.S. § 23–1067 reposes in the Commission discretion to grant or refuse a conversion of compensation. The applicable subsection states:

"B. The commission may allow commutation of compensation pursuant to § 23–1044, subsection C, and § 23–1045, subsections B, C and D, to a lump sum not to exceed twenty-five thousand dollars, with the consent of the carrier liable to pay the claim, under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation."

The carrier made no objection to a commutation and no contention is made by petitioner that the present value of the award, computed by the Commission as $22,275.29, is in error.

In his argument to this court petitioner points to the guiding principles behind the Workmen's Compensation Act as expressed in State v. Pressley, 74 Ariz. 412, 418, 250 P.2d 992, 996 (1952): "The Act was enacted primarily for the benefit of the injured employee and his dependents . . . and secondarily for the benefit of the employer." Also, Reed v. Industrial Commission, 104 Ariz. 412, 417, 454 P.2d 157, 162 (1969), notes that the workmen's compensation statutes are to be construed liberally in favor of the injured employee. A more specific guide is found in Goodrich v. Industrial Commission, 13 Ariz.App. 402, 404, 477 P.2d 276, 278 (1970), wherein the court said: "[*I*]*f it appears to be in the best interest of the petitioner* to commute to a lump-sum payment, the Commission may do so." (Emphasis added).

■■■ Petitioner argues that where the carrier has no objection, and the petitioner and his family desire to have a lump sum commutation, then it is an abuse of discretion for the Commission not to grant it. We cannot agree. A determination of the "best interest" of an injured workman is not within the sole province of that workman or the carrier. The state also has a legitimate interest. Our workmen's compensation law generally provides for periodic payment of benefits.[1] As stated in Laukaitis v. Sisters of Charity of Leavenworth, 135 Mont. 469, 472, 342 P.2d 752, 754 (1959), "The purpose of this method is to preclude any possibility of an imprudent employee or dependent wasting the means of support and thereby becoming a burden upon society." Schneider on Workmen's Compensation Law, § 1790 (1951).

■■■ At the time of the Commission hearing, petitioner was 58 years old and married, with both a daughter and son of high school age. Besides his monthly compensation payment, he also received social security. His ability to work was limited because of his back injury. He had little formal education though he did state that he knew about raising and marketing hogs. He further related that he had worked on a farm and raised some of the animals about ten years ago. According to petitioner, he wanted to start out on a small scale with a few hogs and work his way up.

In denying petitioner's request for the lump sum payment, the Commission made the following findings:

"(a) That the business venture proposed did not appear economically feasible.

"(b) That it appeared to the Commission that the applicant had questionable physical ability to enter into the proposed business venture.

"(c) That it did not appear to the Commission that the applicant would be placed in a better financial position with the commutation."

The record before the Commission supports these findings with substantial evidence. We therefore hold there was no abuse of discretion.

The order is affirmed.

NELSON, P. J., and STEVENS, J., concur.

---

1. See A.R.S. § 23–1041 et seq.