534 P.2d 1060

**Jay PRIGOSIN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

*Gordon's Jewelry Company, Respondent Employer,*

**The Travelers Insurance Company, Respondent Carrier.**

**No. I CA–IC 1098.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 6, 1975.
Rehearing Denied June 4, 1975.
Review Granted July 1, 1975.

Rabinovitz, Minker & Dix, by Bernard J. Rabinovitz, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

## OPINION

STEVENS, Judge.

The basic issue before this Court is whether A.R.S. § 23–1067, relating to the commutation of an award to a lump sum figure, mandates that the request for a lump sum settlement must be denied when the granting thereof does not reasonably envision a greater financial return than is provided by the monthly compensation payments.

Prior to 19 June 1970 Jay Prigosin, (petitioner) sustained an unscheduled industrially related accident while employed by the respondent employer. On 19 June 1970 the Commission entered an award in favor of the petitioner whereby he was to receive and he has been receiving the sum of $75.53 per month. After his injury he returned to his employment with the respondent employer and he continues in that employment. His earnings are approximately $650 per month. For a time his wife was also employed, earning approximately $300 a month.

His wife became seriously ill and eventually required open heart surgery. The medical expenses incurred mounted to approximately $12,000, of which between $4,000 and $5,000 were not covered by their insurance. The medical expenses continued. The petitioner and his family are in need of money to pay the unpaid medical expenses and the contemplated medical expenses. The nature of the petitioner's injury is such that it is not reasonable to anticipate that in the event of his death there could be a widow's allowance. The petitioner, in addition to his desire to escape from the present financial burden, desires to establish a savings account for his wife for her use in the event of his death.

The petitioner and the carrier responsible for the payment of the 1970 award agreed to a commutation thereof in the sum of $15,000. On 20 July 1973 the petitioner, who was then 60 years of age, filed a petition seeking the approval of a commutation agreement.

Initially, at the suggestion of the Commission, the petitioner's attorney reduced his agreed percentage fee. Thereafter the Commission denied the petition and following timely procedures a hearing was held on 8 November 1973. On 28 November 1973, the Commission again denied the petition. We quote a portion of the Commission's decision.

"3. That in a Hearing for lump sum settlement held on November 8, 1973 before the Commission the above claimant's request for a lump sum was again denied for the following reasons:

"(a) That one of the purposes of the lump sum petition is to pay pending medical bills. Another reason expressed was to put the remaining money in a savings account in case of an early death.

"(b) That neither one of the above reasons will make the applicant more productive or generate more income.

"(c) That neither one of the above reasons will enable the applicant to become more self-sufficient.

"(d) That neither one of the reasons are consistent with the basic intent of workmen's compensation; the monthly payment to substitute for loss of monthly income.

"4. That in view of the above, the Commission did not feel it would be in the applicant's best interest to commute his Award to a lump sum."

A.R.S. § 23–1067, in both subsection (A) and subsection (B) states that:

"The commission *may* allow commutation * * * under such rules, regulations and system of computation as it devises for obtaining the *present value* of the compensation." (Emphasis added)

This same section places the maximum commutation figure in the sum of $25,000.

Rule 21(b) of the 1 March 1973 Commission Rules of Procedure is as follows:

"Calculation of the present value of the future compensation pursuant to an award, whether payable for a period of months or based upon the life of the

employee, shall be based upon the American Experience Table of Mortality or on such other tables as may be approved by the Commission and discounted at the rate established by the Commission."

In this Court the Commission relies on the 1 November 1973 Commission Rules of Procedure. Rule 21(b) thereof is the same above-quoted Rule 21(b). Rule 22(b) thereof is as follows:

"(b) If the Commission has the carrier's approval, then *a primary consideration* will be whether more net income per month will be generated after receipt of the lump sum than the applicant is presently receiving. The granting of a lump sum petition is the exception *and will only be granted if the facts demonstrate a reasonable basis for financial betterment or rehabilitation of the claimant*." (Emphasis added)

We note that however persuasive the 1 November 1973 draft of the Rules may have been, Rule 1 thereof states:

"These rules shall become effective on November 1, 1973, and apply to all hearings held on or after December 1, 1973."

In Stell v. The Industrial Commission of Arizona, 23 Ariz.App. 167, 531 P. 2d 543 (1975), this Court reviewed earlier commutation case decisions. We recognize the broad discretion granted to the Commission in the area of the commutation of awards. In Stell, supra, we observed:

"A more specific guide is found in Goodrich v. Industrial Commission, 13 Ariz.App. 402, 404, 477 P.2d 276, 278 (1970), wherein the court said: '[I]f it appears to be in the best interest of the petitioner to commute to a lump-sum payment, the Commission may do so.'" (Emphasis added in the Stell opinion.)

In Stell, supra, we found an absence of an abuse of discretion in the denial of a commutation in a situation wherein the injured workman had little independent income and the business investment potential coupled with his own limitations indicated to the Commission that the injured workman would not be better off financially in the event of a commutation.

The case before us is entirely different. The petitioner is gainfully employed. He no longer has the supplemental income of a working wife. He has her care and the crushing debts which he could not pay out of his compensation at the rate of $75.53 a month. The peace of mind of the petitioner and his wife should have been a vital factor in the matter of a commutation and the commutation should not have been denied merely because to commute the award to a lump sum settlement would fail to "make applicant more productive or generate more income."

## MORTALITY TABLES

Rule 21(a) of the Commission Rules authorizes the use of the American Experience Table of Mortality or such other tables as may be approved by the Commission and discounted at the rate established by the Commission." The Commission urges that it has elected to use the 1948 Makehamized Table because of the discount rate taken into consideration in the preparation of that table. It is noted that the American Experience Table of Mortality and the Commissioners 1958 Standard Ordinary Mortality Table are both set forth in Table 8 in 18 A.R.S. By using the Makehamized Table the Commission arrived at a present value of $10,147.-46 whereas the carrier is willing to pay the sum of $15,000, a sum less than the $25,000 statutory maximum. While we express no opinion as to the propriety of the use of the 1948 Makehamized Table in other situations wherein discount factors are present, it was a clear abuse of discretion for the Commission to urge that if the commutation had been allowed, the maximum which the Commission would have approved would have been the sum of $10,147.46.

## ATTORNEY'S FEES

We express no opinion as to the reasonableness of the attorney's fees originally agreed upon between the attorney and the petitioner or as to the reasonableness of the Commission's request that the fees be

reduced. We do suggest that in view of the necessity for this judicial proceeding that the Commission take a second look at the attorney's fee situation.

We hold that the Commission abused the discretion allowed to it by A.R.S. § 23–1067 when it viewed the petition in the cold light of dollars and cents and income to be derived therefrom and when it rejected the human element of the best interests of the petitioner.

The award is set aside.

NELSON, P. J., concurs.

WREN, Judge (dissenting).

In my opinion this decision constitutes a usurpation of the function of the Industrial Commission. The court has ruled that the Commission, in determining whether to allow a lump sum commutation, must consider factors other than those which would make the petitioner more productive or would generate more income. Yet the opinion refers to no law requiring consideration of any such additional factors. Moreover, as I read the findings of the Commission, its inquiry was not restricted to Rule 22(b). And even if it had been so restricted, I do not interpret that rule as changing in any way the basic purpose of the Workmen's Compensation Act as to lump sum commutations.

In addition to its finding that a lump sum settlement would fail to "make applicant more productive or generate more income" the Commission specifically determined that petitioner's "best interest" would not be served by allowing the commutation; that he would not become "more self-sufficient." Further, in its findings the Commission also noted that neither of the reasons given by petitioner were " . . . consistent with the basic intent of Workmen's Compensation; the monthly payment to substitute for loss of monthly income."

The record itself is almost exclusively confined to the question of income, as shown by the following:

"[BY MR. RABINOVITZ]: Now, the purpose for the lump sum was to generate an amount of income that you feel would better care for yourself and your family in your later years; is that correct?

"[PETITIONER]: That is correct

\* \* \* \* \* \*

"[HEARING OFFICER]: What would happen if you could not work; in other words, if you did not die, but you just could not work, how would you pay off your house?

"[PETITIONER]: At the moment, I don't think I can answer that.

"[HEARING OFFICER]: Well, the Commission can, because you are very close to it with the $75 a month, you see. These are the factors we have to weigh because you do have a low back strain which would be disabling to the point where you could not work.

\* \* \* \* \* \*

"[HEARING OFFICER]: One of the reasons for all these questions is that generally workmen's compensation is based on a monthly payout, and the reasons we, the Commission, have to determine as to whether there is a lump sum connotation, is that it is out of order—that is not normal. Normally on a lump sum connotation we have some guidelines which we go by. We look for the type of injured claimant who cannot support himself in any other manner except by using the lump sum.

In other words, he needs a lump sum at one time to either get into a business, or buy an income property or do something with it. It is not normally there to pay bills with, because basically this sort of finalizes this Award.

In other words, you have no more money coming to you out of this particular Award.

"[PETITIONER]: I understand."

When the Commission had made its determination that a commutation would not generate more income, it is my opinion that they need have gone no further. I do not agree with the majority's statement that the peace of mind of petitioner and

his wife should have been a "vital factor" in the consideration of a lump sum settlement.

As stated by the hearing officer, the basic purpose of the Workmen's Compensation Act is to provide an injured workman with benefits to substitute for his loss of monthly income. Accordingly, the monthly payment plan should be the rule and the lump sum settlement the exception. The rationale of this method is to preclude any possibility of an imprudent employee wasting the means for support and thereby becoming a burden upon society. Stell v. Industrial Commission, *supra*.

The question of the advisability of a conversion of compensation rests in the broad discretion of the Commission. *Id.* This Court is not the proper forum to resolve anew that determination. *See* Esmeir v. Industrial Commission, 10 Ariz. App. 435, 439, 459 P.2d 523, 527 (1969); Stell, *supra*.

I would affirm the award.