639 P.2d 1208

Gilbert PADILLA,
Plaintiff-Appellee-Cross-Appellant,

v.

FRITO–LAY, INC., Employer and National Union Fire Insurance Company, Insurer, Defendants-Appellants-Cross-Appellees.

No. 5201.

Court of Appeals of New Mexico.

Dec. 22, 1981.

Kathleen Davison Lebeck, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellants and cross-appellees.

Richard J. Crollett, Roybal & Crollett, Albuquerque, for plaintiff-appellee and cross-appellant.

## OPINION

WALTERS, Chief Judge

In this workmen's compensation case, the issue is the propriety of a lump-sum award to plaintiff.

Gilbert Padilla was injured in the course of his employment with defendant Frito-Lay, Inc. As a result of the injury, he suffered complete blindness in the right eye and almost complete blindness in the left eye, along with other related injuries. The court found that Padilla was entitled to permanent and total disability, finding further that it would be in Padilla's best interest to allow a lump sum settlement so that he could purchase an available coin-operated laundromat. The propriety of granting a lump-sum payment to permit purchase of a business is a matter not previously decided in New Mexico.

Statutory authority for an award of a lump sum compensation award is found at § 52–1–30 B, N.M.S.A.1978. However, periodic payments ordinarily serve the policy of the Workmen's Compensation Act; the award of a lump sum is the exception. *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App. 1975). A petitioner for a lump sum award has the burden of showing that it is in his best interest and that the failure to award a lump sum would create a manifest hardship where relief is essential to protect the claimant and his family from want or privation; to facilitate the production of income for the claimant; or to help the claimant in a rehabilitation program. *Codling v. Aztec Well Serv. Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App.1976). Each request for a lump-sum payment stands or falls on its own merits, and each case must be considered according to the evidence produced to determine whether sufficient "special circumstances" exist to bring the request within the exception of § 52–1–30B, *supra. Id.*

Defendants take the position that there was no testimony to the effect that a lump sum was in Padilla's best interest; that he was competent to operate a laundromat successfully; or that there were exceptional circumstances which would justify the award. They point out that Padilla was not formally evaluated by the rehabilitation center, and they question the evidence presented regarding Padilla's possibility of success in the laundromat business, given his disability. Defendants contend that the factual evidence in this case is more akin to the decisions in New Mexico in which the award of a lump sum payment was denied. *E.g. Arther, supra; Codling, supra; Lamont v. New Mexico Military Inst.*, 92 N.M. 804, 595 P.2d 774 (Ct.App.1979); and *Lane v. Levi Strauss Co.*, 92 N.M. 504, 590 P.2d 652 (Ct.App.1979).

Claimant in this case is 37 years old, married, and is the sole support of his family. His total and permanent disability payments, if made periodically, would expire before his 48th birthday. He wants to work, but cannot do any of the tasks he was able to perform in the past because of his blindness. He investigated the prospect of owning and operating a laundromat, which was for sale for $55,000. Padilla made himself aware of the usual tasks necessary to run a laundromat; he has sufficient sight to see the machines, make change, and sweep floors; and he has had some experience in the retail field. He was confident he could operate the business with the help of his wife, and with occasional assistance from his children. Mr. and Mrs. Padilla reviewed the financial records of the laundromat with the seller and with the seller's bookkeeper. There was evidence received regarding the good financial condition of the business and its projected net profits.

The director for the Services for the Blind, who had established hundreds of retraining programs for blind persons, testified that blind persons can and do run laundromats. Following several conversations with Padilla, he formed the opinion that Padilla's visual loss would not be a significant factor in the success or failure of the

laundromat business, but that with Padilla's prior experience, operation of a laundromat which would be "somewhat commensurate" with his prior occupation would help to restore him to his greatest physical, mental, social and vocational potential in "a worthwhile occupation."

During oral argument, defendants suggested that because plaintiff had not had a disinterested third party evaluate the business to show its potential success we should reverse for lack of the "abundance" of evidence they claim is essential to support the award.

We recognize that a plethora of cases exist wherein lump-sum settlements have been disallowed. Many of those decisions are gathered in *Codling, supra,* together with an equally long list of cases where lump sums were approved. It is said at 3 Larson Workmen's Compensation Law 15–576, –577, § 82.72:

> [I]f the claimant needs his compensation benefits to pay his everyday living expenses, it obviously would thwart the purposes of the act to cut them off in order to allow claimant to gamble a lump-sum settlement on a business.

The evidence in this case shows that claimant's living expenses were slightly less than his present income from social security disability payments but, as the trial court found, Padilla never could purchase the laundromat without a lump-sum settlement because of his lack of money or resources to do so. Thus, although periodic payments would supplement an income that appears to be already adequate to support plaintiff and his family and would ease the family's financial restraints to some degree, we must recognize that the "supplement" would be insufficient to permit plaintiff's accumulation of resources for any potentially self-sustaining endeavor. In addition, the fact exists that periodic payments will not exceed 600 weeks' duration beyond the date of initial entitlement, § 52–1–47, N.M. S.A.1978, at the end of which time the workman will again revert to total reliance upon social security disability benefits. The lump-sum payment here will provide a rehabilitative benefit unavailable from periodic payments; it will enable a seriously injured workman to develop the physical, mental and emotional stability that the satisfactions of self-employment and wage-earning responsibilities engender.

The possible tragedies of inactivity while drawing periodic benefits were illustrated in *Crews v. Sanderlin & Assoc.,* 290 So.2d 487 (Fla.1974). There a severely disabled workman became drug- and alcohol-dependent following an industrial accident. His request for a lump-sum settlement was granted so he could get a contracting business started. In affirming the award, the court relied heavily on the factfinder's detailed reasoning, included in which was the comment that "if this award is not made, we are going to witness the rehabilitative and emotional destruction of this claimant." At the same time, he recognized "that the economic plans formulated by the claimant may not be as thorough or detailed or precise" as would be desirable; nevertheless, his overriding consideration, addressed to the claimant's *best interests,* was his conclusion "that the claimant would be in a much better position to confront those issues [of rehabilitation and family stability] in the position of financial security or independence that the lump sum award would bring." 290 So.2d at 490.

The question of evidence from an independent appraiser or business analyst to support plaintiff's expectations of a profitable venture was raised, and dismissed, in *Herndon v. City of Miami,* 224 So.2d 681 (Fla.1969):

> There is no mandatory requirement in the workmen's compensation law that the claimant produce expert testimony at a hearing to obtain an advance payment of compensation. The Judge is given vast discretion to determine the interests of the claimant and employer and his findings should not be disturbed unless he has abused this discretion or unless there is no competent substantial evidence to support his order.

*Id.* at 682–83. We would reach the same decision on that issue upon the same grounds. *Texas Employers' Ins. Ass'n v. Rollins,* 257 S.W.2d 851 (Tex.Civ.App.1953),

is another case in which a lump-sum award to allow establishment of a business was upheld, even though there is no indication from the facts of the case that the claimant had more than a hazy notion of what kind of business he contemplated, or presented any testimony of anticipated success in his proposed "business."

It is not enough for defendants to urge here on appeal that plaintiff's evidence of a prudent investment and income-producing potential was insufficient. Three months before this case was litigated, a pretrial order listed the question of a lump-sum recovery as an issue of fact to be tried. Plaintiff had been investigating the possibility of purchasing a laundromat three to four months before trial. It does not appear that defendants attempted any discovery on the lump-sum issue before trial to find out what use it was intended for and, certainly, as the *Herndon* court noted, *supra*, at 224 So.2d 682, they produced no evidence or witnesses at trial to contradict claimant's basis for believing he has a sound investment.

■■ A reviewing court will not weigh the evidence nor determine the credibility of witnesses; only the trier of facts judges the trial testimony. *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978). We consider the evidence and inferences that reasonably may be drawn therefrom in the light most favorable to support the trial court's findings. *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.1977). Consequently, we uphold the trial court's decision. There is ample evidence of claimant's uniquely disabling condition, his initiative and drive to become self-sufficient, a reasonable expectation of success, and a claimant sufficiently young enough to put his remaining physical abilities to fruitful use for many years to come.

The judgment is affirmed.

LOPEZ, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I dissent.

The authority to grant lump-sum awards in lieu of periodic payments is § 52–1–30, N.M.S.A.1978. It provides that if the court "determines in cases of total permanent disability that it is in the interest of the rehabilitation of the injured workman ... the liability of the employer for compensation may be discharged by the payment of a lump sum ...." As I read the statute, not only must a lump-sum award further the rehabilitation of the workman, it must also be in his best interest. These factors must be present as a matter of law before lump-sum awards may be granted.

Although I agree wholeheartedly with the majority opinion that a disabled worker should be given every opportunity to make a fresh start in a new and challenging career, I believe that goes to the rehabilitation of the worker. The best interests of the worker may overlap with rehabilitation, but it also encompasses other aspects of an award of workmen's compensation, for instance, financial stability for the future of the worker and his family. It is the worker's burden to show the award is in his best interest. *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App. 1976).

Almost anyone who works 8 to 5 for the benefit of someone else has dreamed of owning his own business, where he makes and enforces the rules. The thought of a lump-sum workmen's compensation award can bring the plan for such a business to the forefront of the disabled worker's mind. Under proper, though exceptional, circumstances, this is a commendable goal and lump-sums should be awarded. However, not everyone can or should be able to start a "chicken farm." *See*, 3 Larson's Workmen's Compensation Law, § 82.72, at 15–576 (1976). One must not forget that the goal of the workmen's compensation system is "to secure the injured employee against want, and to avoid his becoming a public charge." *Hughey v. Ware et al.*, 34 N.M. 29, 276 P. 27 (1929). For that reason, before a lump-sum to be used to buy a business is awarded, certain findings must be made by the district court.

The majority opinion states that the plaintiff was confident he and his family could run the laundromat, that he and his wife reviewed the financial records with the seller and the laundromat's bookkeeper, and that "[t]here was evidence received regarding the good financial condition of the business and its projected net profits." The only evidence received pertaining to the financial condition of the business was from the seller himself, who stated he realized an increasing profit each year. I do not believe this is sufficient to show that the purchase of the laundromat would be in the best interests of the plaintiff. In order for it to be in the best interest of the plaintiff, he should have to show that the business to be purchased is financially secure. The testimony of the owner that it is profitable was self-serving, since he obviously wants the sale to be completed. The testimony of the plaintiff that he and his wife reviewed the books with the owner and bookkeeper does not help prove anything about the financial security of the business. Neither the plaintiff nor his wife were experienced or skilled in accounting. The books could easily have been altered to make the business appear profitable. There was no evidence on goodwill, the condition of the equipment and fixtures, encumbrances, assumption of debt and liabilities, assumption of any leases by the plaintiff, taxes on the transfer of the business, etc. This is certainly not the type of a situation where an attorney could tell the plaintiff to buy the business without checking further. Certainly no court should allow a lump-sum award in this situation.

The majority opinion seems to hold that defendants had a duty to produce evidence at trial to contradict plaintiff's claim that the investment was sound and the income potential was good. It is my understanding that the plaintiff has the burden of showing it is in his best interests to be awarded a lump-sum. *Codling, supra.* The plaintiff has failed to show it is in his best interests.

I would reverse the trial court and instruct the trial court to enter an order for weekly payments. *See, Stell v. Industrial Commission,* 23 Ariz.App. 167, 531 P.2d 543 (1975) (lump-sum award reversed to plaintiff who wanted to start a hog farm where the court found the business venture did not appear economically feasible); *Lincoln Water & Light Co. v. Industrial Commission,* 332 Ill. 64, 163 N.E. 381 (1928) (lump-sum award reversed where plaintiff desired to start electrical business, but court felt there was greater chance of failure than success); *Snyder v. Union Mills,* 220 App. Div. 786, 222 N.Y.S. 94 (1927) (lump-sum award reversed where woman with no business experience desired to renovate her home into a two-family residence, but the court held nothing indicated the property would be rentable if the changes were made).

## OPINION ON REHEARING

WALTERS, Chief Judge.

Appellee has called to our attention, on rehearing, our failure to award in our Opinion of December 22, 1981, an attorney's fee for successful prosecution of this appeal.

An attorney's fee of $1500 is hereby granted to appellee.

HENDLEY and LOPEZ, JJ., concur.