LUCIEN TRUDEAU *vs.* UNITED STATES RUBBER COMPANY.

MARCH 15, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an employee's petition to exceed the medical maximum as provided by G. L. 1956, §28-33-5. From a decree of the workmen's compensation commission denying and dismissing the petition the petitioner has appealed to this court.

The full commission affirmed a decree of the trial commissioner which contained a finding that petitioner had failed to prove that medical charges in addition to the maximum "are necessary to cover specialized or prolonged services in order to cure, rehabilitate or relieve" him from the effects of his injury. The petitioner contends that such finding is based upon a misconstruction of §28-33-5 and therefore the decree is against the law. He also contends that even on the commission's construction he has met the burden of proving that the additional medical services were necessary to rehabilitate or relieve him. In this connection he asserts that the evidence such services were necessary is uncontradicted.

On this point we cannot agree. From our examination of

the record it appears that there is some conflict in the medical evidence as to whether the treatment in question was necessary or furnished any relief. Whether or not the weight of such evidence preponderated in favor of petitioner is of course not for us to say since by force of the statute the decision of the commission on that question is final and conclusive. There is therefore no useful purpose to be served by a discussion of the evidence here. This leaves for our determination on petitioner's appeal only the question of the commission's construction of G. L. 1956, §28-33-5.

That section formerly provided that where the statutory maxima "are not sufficient to cover specialized or prolonged treatment necessary to effect cure or rehabilitation" the director following hearing upon petition may order payment of charges therefor beyond such maxima. G. L. 1938, chap. 300, art. II, §5, as amended. On July 27, 1950 in *LeClair* v. *Textron Mills, Inc.*, 77 R. I. 318, we held the words "cure" and "rehabilitate" were not synonymous with "relief" and therefore services that only provided relief did not fall within the purview of the statute.

Later the legislature revised the workmen's compensation act in its entirety by the enactment of P. L. 1954, chap. 3297. Besides radically rearranging the phraseology of the section in question they added the word "relieve" after the words "to cure, rehabilitate or," and also added some other new matter not pertinent to the problem here. However, in their rearrangement they retained all of the language with which we are concerned. They also retained but in a separate position in the section the words "In case the amounts stipulated by this section are not sufficient to cover necessary specialized or prolonged services, the workmen's compensation commission may order payment of additional charges after hearing upon petition, and its decision shall be final." It thus appears in G. L. 1956, §28-33-5.

The petitioner argues that by this revised language and more particularly as a result of such separation the general assembly intended to require petitioner to show only that the specialized or prolonged services were necessary and that he was not required to show that such services were to "cure, rehabilitate or relieve." We do not think that the legislative revision reasonably submits to such construction. On the contrary we are of the opinion that when the language in question is read, not in isolation but in the context of the entire section as it must be, it necessarily refers to services, whether specialized or prolonged, which are necessary to cure, rehabilitate or relieve. If this were not so what kind of services could possibly be intended? The answer is left in doubt or obscurity. Surely it cannot be any kind of services so long as they are either specialized or prolonged. It seems to us that such a construction does not make sense and inevitably results in an absurdity. One thing the general assembly did seek to do in favor of the injured employee was to obviate the effect of our opinion in the *LeClair* case by adding the word "relieve" and thus broaden the area of services for which additional charges could be made. Beyond that we are convinced they did not intend to go.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson,* for petitioner.

*Ambrose W. Carroll,* for respondent.