[Civil No. 3644.   Filed December 2, 1935.]

[52 Pac. (2d) 475.]

KATE DANIELS, Petitioner, v. BAYLESS STORES, INC., Defendant Employer, OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., Defendant Insurance Carrier, and INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Messrs. Mathews & Wheeler, for Petitioner.

Messrs. Chalmers, Fennemore & Nairn, and Mr. Richard Fennemore, for Respondent Ocean Accident & Guarantee Corporation, Ltd.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission of Arizona.

LOCKWOOD, C. J.—Kate Daniels, hereinafter called petitioner, has appealed from an award of the Industrial Commission of Arizona, hereinafter called the commission, denying her an adjustment of compensation.

■■ There are but two questions for us to consider on the appeal. The first is the contention of petitioner that the award is invalid for the reason it is only signed by two commissioners. Her position apparently is that under the provisions of section 1393, Revised Code 1928, it is only in case a vacancy exists in the commission that two members thereof constitute a quorum for the purpose of acting upon a petition for compensation. We think the contention is untenable. The section does not expressly state how many members constitute a quorum, and it is the general rule that a majority of any body constitutes a quorum thereof unless the law creating such body expressly provides to the contrary. *Brown* v. *District of Columbia,* 127 U. S. 579, 8 Sup. Ct. 1314, 32 L. Ed. 262; 46 C. J., p. 1378, and note. Further than that, subdivision 2, section 3040, Rev. Code 1928, reads as follows:

"2. Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons, unless it is otherwise expressly declared in the law giving the authority. A majority of any board or commission shall constitute a quorum."

We think this is decisive, and that an award made by two commissioners is one made by a quorum of the commission.

█ The second claim of petitioner is that the facts do not sustain the award. In order to determine this question we must state briefly the facts shown by the evidence, construed as strongly in support of the award as is reasonably possible. Petitioner in the year 1929 was in the employment of the Bayless Stores, Inc., and while so employed suffered a rather serious injury to her right leg and foot. She applied for compensation, which was granted, and she continued under medical treatment at the expense of the commission for nearly three years, drawing compensation for temporary disability during that time. On February 26 and March 1 of 1932, the medical examiner for the commission made a very complete report of her then existing condition. The particular portion of such report pertinent to the issues of the present case reads as follows:

"The swelling or edema present in the leg and foot, is due to a lymphatic and venous *staces* and is the result of the injury and is of a permanent nature. Conclusions: The amount of disability in claimant's right leg, ankle and foot, remains the same as when examined on September 18, 1931. The amount of disability present is permanent. The amount of permanent disability is 30 per cent. The amount of permanent disability cannot be reduced by further treatments."

Following this report, on August 15, the commission found that petitioner had been fully compensated for her temporary disability, and that she had also suffered a permanent partial disability entitling her to compensation at the rate of $52.91 monthly for a period of 20 months. The award was obviously based on subdivisions (o) and (u) of part C, section 1438,

Revised Code 1928, and its amount shows that the commission estimated her partial permanent disability at 40 per cent., instead of the 30 per cent. found by the medical examiner. No appeal was ever taken from this award, and the compensation was paid to, and accepted by, petitioner. On September 29, 1934, she applied to the commission for a readjustment of her claim, on the ground that her disability had increased since the date of the award of August 15, 1932. The matter finally came on for hearing before the commission. Petitioner called three medical witnesses, one of whom had been familiar with her injury from its inception. He testified, in substance, that, in his opinion, her condition was worse than it had been in 1932; that at the time of the hearing she was unable to work at all; that he did not think such condition would continue permanently, but that her permanent disability would be about 60 per cent. Her other two witnesses knew nothing of her condition before the end of the year 1934, except by deduction from the X-rays taken before the award of 1932. They stated, in substance, that at the time of the hearing she was totally disabled, but that such disability would not be permanent, and that her condition at that time was worse than that which was shown by the X-rays, above referred to. On the other hand, the physician who had made repeated examinations of petitioner from her first injury until about the date of the hearing and who had made the report on which the award of 1932 was made, and another one who was familiar with her condition in 1931 and again just before the hearing, were both of the opinion that her condition from the time of her application for increase in compensation to the time of the hearing was much better than at the time the award was made in 1932, and that her disability at no time

amounted to more than 30 per cent. We have, therefore, a direct conflict in the opinion of the medical witnesses. This presents a situation, so common in these appeals, where the commission has made an award according to its view of conflicting evidence. Our universal practice, under such circumstances, has been to hold that we cannot disturb the findings of the commission as to the facts. If petitioner's condition had not changed for the worse, she was entitled to no additional compensation.

The award is affirmed.

McALISTER and ROSS, JJ., concur.