546 P.2d 823

**Jay PRIGOSIN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gordon's Jewelry Company, Respondent Employer,**

**The Travelers Insurance Company, Respondent Carrier.**

**No. 12160–PR.**

Supreme Court of Arizona, In Banc.

Feb. 19, 1976.

Rabinovitz, Minker & Dix by Bernard I. Rabinovitz, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

STRUCKMEYER, Vice Chief Justice.

This is a writ of certiorari to review an order of the Industrial Commission denying a lump-sum commutation of an award for permanent partial disability. The Court of Appeals set the order aside, 23 Ariz.App. 561, 534 P.2d 1060. We accepted review. Opinion of the Court of Appeals vacated. The order of the Industrial Commission is affirmed.

After an industrial injury, petitioner returned to work and was awarded $75.53 per month for permanent partial disability. In August of 1973, petitioner requested a lump-sum settlement. It was petitioner's intention to invest his lump-sum award, less attorney's fees, in long-term investments. And since he was nearing retirement and since if he had a lump sum, it could be used in case of emergency, in particular to assist his wife. The application for a lump-sum settlement was denied on October 1, 1973.

Petitioner renewed his request and a hearing was held on November 8, 1973. Petitioner showed that his wife underwent open-heart surgery and that the medical expenses totaled some $12,000, of which $4,000 to $5,000 were not covered by insurance. He advised the Commission that he would use a portion of the lump-sum payment to pay his wife's medical expenses and that he intended to place the rest in savings. The Commission denied petition-

er's request for the reason that neither of the stated reasons made petitioner more productive, generated more income, or enabled him to become more self-sufficient. It is argued that the monthly payments of compensation are a substitute for loss of monthly income and that petitioner's reasons were not consistent with the basic purpose of the Compensation Act.

A.R.S. § 23–1067, the statute authorizing lump-sum payments, reads:

"A. The commission may allow commutation of the compensation awarded pursuant to § 23–1044, subsection B, to a lump sum payment not to exceed twenty-five thousand dollars, with or without the consent of the carrier liable for the commutation, under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation.

B. The commission may allow commutation of compensation pursuant to § 23–1044, subsection C, and § 23–1045, subsections B, C and D, to a lump sum not to exceed twenty-five thousand dollars, with the consent of the carrier liable to pay the claim, under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation."

A.R.S. § 23–1067 B contains three obvious limitations upon the right of a claimant to enter into a lump-sum agreement with his compensation carrier. First, the payment cannot exceed $25,000; second, the commutation must comply with the rules of the Commission insofar as its computation is concerned; and, third, the consent of the Commission must be first obtained. In the instant case, the first two conditions have been met, but the Commission has not agreed to the third, that is, consented to the lump-sum payment.

■ Petitioner argues that the Commission abused its discretion in withholding its consent. The commission's position is that only if it appears to be in the best interest of the claimant to commute an award to a lump-sum payment will the Commission do so. *See Goodrich v. Industrial Commission,* 13 Ariz.App. 402, 477 P.2d 276 (1970). We think the Commission's position is correct.

■ The issue of what is in petitioner's best interest is not foreclosed by the agreement between himself and the insurance carrier. A.R.S. § 23–108.03, B, 2, provides that the powers and duties prescribed by law to the Commission may by resolution be delegated by the Commission to the director or any department head or assistant, provided, however, that "the commission shall not delegate its power or duty to: * * * 2. Commute awards to a lump sum." That a claimant wants a commutation has no relevancy whatsoever as to whether it is in his best interest. While workmen's compensation benefits are to a limited extent to take the place of a workman's earnings, *Bergstresser v. Industrial Commission,* 13 Ariz.App. 91, 474 P.2d 450 (1970), the purpose of the workmen's compensation law is to prevent one in petitioner's position and his dependents from becoming public charges during the period of disability.

In discussing lump-sum payments, Larson makes the following statement:

"If a partially or totally disabled worker gives up * * * reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed. One reason for the persistence of this problem is that practically everyone associated with the system has an incentive—at least a highly visible short-term incentive—to resort to lump-summing. The employer and the carrier are glad to get the case off their books once and for all. The claimant is dazzled by the vision of perhaps the largest sum of money he has ever seen in one piece. The claimant's lawyer finds it much more

convenient to get his full fee promptly out of a lump sum than protractedly out of small weekly payments. The claimant's * * * creditors and his wife and family, all typically line up on the side of encouraging a lump sum settlement. * * *

The only solution lies in conscientious administration, with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purposes of the act will best be served by a lump-sum award." 3, Larson's Workmen's Compensation Law, § 82.71, pp. 354.31–354.32.

In the instant case, the Industrial Commission decided that petitioner would be better off receiving $75.53 per month rather than the lump sum of $10,000. It is a well-established rule that the Commission's determinations will be upheld if reasonably supported by the evidence. *Rutledge v. Industrial Commission,* 108 Ariz. 61, 492 P.2d 1168 (1972); *Valdon v. Industrial Commission,* 103 Ariz. 547, 447 P. 2d 239 (1968). This Court will on appeal take the evidence in a light most favorable to sustaining the Commission. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972).

While the peace of mind of the petitioner and his wife could be considered as a factor in determining whether there should be a commutation, it is not the vital factor. Were peace of mind the vital factor, it would dictate commutation in almost every instance. Petitioner's desire to pay off his current bills and provide a nest egg for his wife could have application to nearly everyone who applies for a commutation, for, from his point of view, if he were to die soon, obviously it would be better that he receive a lump sum to be either spent during his lifetime or put into savings.

Petitioner misconceives this Court's responsibility when he urges us to substitute our judgment in place of that of the Commission. It is the Commission's duty by law to determine when lump-sum commutations should be made, and it is our duty to uphold its judgment if reasonable. The transcript of the hearing clearly reflects that there was concern that petitioner might become a public charge if he received a lump-sum payment which by force of circumstance or imprudence were to be spent. After an examination of the facts of this case, we cannot say that the Commission abused its discretion in denying the lump-sum payment.

The order of the Industrial Commission is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.