563 P.2d 336

Arthur N. SCOWDEN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Rust Engineering, Respondent Employer,

American Mutual Liability Ins. Co., Respondent Carrier.

No. 1 CA–IC 1517.

Court of Appeals of Arizona, Division 1, Department C.

April 19, 1977.

Philips & Taylor by Christopher J. Philips, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix by Calvin Harris, Scottsdale, for respondent.

Robbins Green O'Grady & Abbuhl, PA by Richard W. Abbuhl, Phoenix, for respondents employer and carrier.

## OPINION

OGG, Judge.

This appeal presents two issues. Did the Industrial Commission abuse its discretion when it entered an order disapproving of petitioner Arthur N. Scowden's petition for a lump sum commutation of his industrial award?

Did the Commission fail to exercise its affirmative statutory duty to either ap-

prove or disapprove of petitioner's request for a lump sum commutation?

On November 24, 1972, the Commission entered its original Findings and Award for Unscheduled Permanent Partial Disability, finding that petitioner has sustained a compensable industrial disability resulting in a 50–60% reduction in his monthly earning capacity, thereby entitling him to an award of $278.32 per month. Subsequently, in 1976, when petitioner was 66 years old, he filed a petition for lump sum commutation of this award. The petition, which had the approval of the respondent carrier, American Mutual Liability Insurance Company, requested a lump sum commutation in the amount of $25,000. All parties agree the petitioner met the requirements of ARS § 23–1067. After formal hearing the Commission disapproved of the petition and this appeal followed.

The evidence presented at the commutation hearing showed the petitioner had fixed assets of approximately $59,600, with a monthly income, excluding his partial disability benefits, in the sum of $792.05. It was petitioner's proposal to invest the proceeds of the lump sum commutation of $24,000 ($25,000 lump sum minus $1,000 attorney fees) into a 7¾% ten year bank certificate of deposit. The present value of petitioner's permanent partial disability award at the time of the hearing was determined to be $31,127.31. Petitioner calculated his current monthly income with his present award to be $1,070.37 and that his monthly income would be reduced to $1,012.05 if the lump sum award were approved.

The petitioner argues that he is now unable to work and that upon his death his wife will lose the benefits of his union pension ($275 per month), present Social Security benefits ($308.20) per month) and his permanent partial disability compensation ($278.32 per month). Upon his death his wife's monthly income will be reduced to $208.85 per month, whereas if the lump sum commutation were approved she would realize a monthly income of $363.85 with an additional $24,000 payable to her upon the maturity of the certificate of deposit.

No one contends that the petitioner is a spendthrift or that his proposal to deposit the proceeds of the lump sum commutation with First Federal Savings in a ten year certificate of deposit represents an unwise course of business conduct. It appears a commutation of the award to a lump sum would be in the best interest of petitioner's wife and that it would contribute to the peace of mind of the petitioner and his wife.

█ It is our opinion that the Commission, in the exercise of its broad discretion in a lump sum commutation, could either approve or disapprove of the commutation to a lump sum under the particular facts of this case. We, however, cannot substitute our judgment for that of the Commission and we must view the evidence in a light most favorable to sustaining the decision of the Commission. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P. 2d 1324 (1972). We must uphold the orders of the Commission if there is any reasonable evidence to support them. *Rutledge v. Industrial Commission*, 108 Ariz. 61, 492 P.2d 1168 (1972).

█ Under the facts of this case we find there is reasonable evidence to support the decision of the Commission. The monthly income to be generated from the lump sum commutation would amount to $58.32 less than the monthly income the petitioner is currently receiving from his award. Our decision in this case is controlled by the recent case of *Prigosin v. Industrial Commission*, 113 Ariz. 87, 546 P. 2d 823 (1976). In *Prigosin* the Arizona Supreme Court, under a similar fact situation, held that the Commission's order denying commutation to a lump sum should be upheld where it is shown that petitioner's use of the lump sum payment would not generate more income or enable the petitioner to become more self-sufficient. See also Rule 22(b), Rules of Procedure Before the Industrial Commission; *Larson, Workmen's Compensation Law* § 82.70 (1976). In the case under consideration a lump sum commutation would generate less income and there is no allegation that the petitioner would become

more productive or self-sufficient. We therefore must affirm the order of the Commission denying the lump sum commutation.

▋ The petitioner raises one additional matter for consideration in this appeal. Petitioner claims the Commission failed to exercise its affirmative statutory duty to either approve or disapprove of petitioner's request for a lump sum commutation.

The authority of the Commission to convert an award into a lump sum payment is set out in ARS § 23–1067 (as amended Laws 1973, Ch. 133, § 33), which reads in part:

B. The commission *may* allow commutation of compensation . . . to a lump sum not to exceed twenty-five thousand dollars, with the consent of the carrier liable to pay the claim, under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation. (Emphasis added)

The pertinent rule adopted by the Commission pertaining to lump sum commutations is Rule 22, Rules of Procedure Before the Industrial Commission, which reads:

(a) If a petition for lump sum commutation is filed in an unscheduled case, the Commission cannot grant such petition unless carrier approves of such petition.

(b) If the Commission has the carrier's approval, then a primary consideration will be whether more net income per month will be generated after receipt of the lump sum than the applicant is presently receiving. The granting of a lump sum petition is the exception and will only be granted if the facts demonstrate a reasonable basis for financial betterment or rehabilitation of the claimant.

(c) The burden of proving that the commutation of compensation satisfies the criteria in (b) is on the applicant.

After a formal hearing on the petition to commute the award to a lump sum, an order was entered denying petitioner's request to commute his award to a lump sum and this appeal followed. The relevant portions of the findings and order read:

"FINDINGS

1. That on November 24, 1972, this Commission entered its Amended Decision Upon Hearing and Findings and Award for Unscheduled Permanent Partial Disability which entitled applicant to $278.32 monthly, to continue until further order of the Commission.

2. That the present value of said applicant's award at the time of request was $31,127.31.

3. That at the conclusion of a Hearing for Lump Sum Commutation held on February 4, 1976, it was duly moved and seconded that the petition for commutation be approved. The four commission members present voted two for the motion and two against, accordingly the motion failed for want of a second.

ORDER

NOW, THEREFORE IT IS ORDERED that said applicant's request for a lump sum settlement of compensation due in connection with the injury of July 5, 1971, be, and the same is hereby not approved."

Although the findings state "the motion failed for want of a second," we believe it was the clear import that the petition was not approved because it failed to get a majority vote. A fair reading of the order which disapproves of the petition for commutation to a lump sum, which is signed by the four commissioners who were present at the hearing, would appear to be that the commissioners denied the petition for the reason there was not a majority vote necessary for approval.

ARS § 23–108.03(B)(2) (as amended Laws 1976, Ch. 162, § 35) provides that any powers or duties prescribed by law to the Commission may by resolution be delegated by the Commission, provided that "[T]he commission shall not delegate its power or duty to . . . Commute awards to a lump sum." Petitioner concedes that the order of the Commission is not invalid solely because one commissioner did not attend the meeting and vote. ARS § 23–101(B) establishes the Commission as composed of five mem-

bers and ARS § 23–103 (as amended Laws 1971, Ch. 173, § 1) establishes a majority as the number of Commission members necessary to transact business. In this case the four members present constituted the quorum necessary to do business. *Daniels v. Bayless Stores, Inc.*, 46 Ariz. 442, 52 P.2d 475 (1935).

Petitioner argues that in the recent case of *Prigosin v. Industrial Commission*, 113 Ariz. 87, 546 P.2d 823, 826 (1976), the Arizona Supreme Court stated "[I]t is the Commission's duty by law to determine when lump sum commutations should be made . . . " and that the Commission here failed to meet its statutory duty to either approve or disapprove of the petitioner's request for a lump sum commutation. The Commission's argument in response is that all four members of the Commission signed the order and therefore the stalemate vote has been superseded. As we have stated previously, a fair reading of the Findings and Order in this case indicates that four members of the Commission who were present signed the order signifying the vote was a tie and that the petition therefore failed for the lack of a majority vote. The parties have been unable to cite any cases and we have been unable to find any pertinent cases that shed light on what is the legal effect of a two to two vote by members of the Commission when voting on a motion to approve a petition for a lump sum commutation. It appears clear that a majority vote when a quorum is present will be sufficient to uphold any order of the Commission. ARS § 23–103; *Daniels v. Bayless Stores, Inc.*, supra.

Since ARS § 23–1067 directs that the Commission *may* allow a commutation to a lump sum, it appears the burden is on the petitioner to secure a majority vote of a quorum. It is also our opinion that the tie vote in this case cannot be considered a nullity since ARS § 23–103 directs that a majority of the five members present shall constitute a quorum to do business. To

hold otherwise would severely hamper the Commission in carrying out its regular business duties when a member was absent for any reason.

■ We therefore hold that a petitioner seeking the approval of the Commission for a lump sum commutation must bear the burden to secure the approval of the Commission. When such a petitioner fails to secure a majority vote of the business quorum, the petition must fail.

The order of the Commission disapproving the petition for a lump sum commutation is affirmed.

FROEB, C. J., Division 1, concurs.

JACOBSON, Presiding Judge, specially concurring:

I must, most reluctantly, concur in the affirmance of the Commission's award denying the lump summing in this case. I do so solely on the basis that the evidence shows that the amount of income available to the petitioner and his wife after lump summing would be slightly less than if no lump summing had occurred. Under Rule 22(b), Rules of Procedure, Industrial Commission of Arizona, this is sufficient reason for denying the proposed lump sum award.[1]

If this were the sole reason advanced by the Commission to support its action in denying lump summing in this case, this concurring opinion would not have been written. However, the Commission has voiced a theory as to the purpose of the workmen's compensation laws which is, in my opinion, shortsighted, contrary to the objectives of workmen's compensation, and smacks of a "big brother" philosophy unbecoming a public agency. The theory advanced by the Commission is that the sole purpose of workmen's compensation is to replace the wages lost by reason of industrial injuries, and if somehow these wages are used to support his dependents upon his death, this underlying purpose is thwarted

---

1. The validity of Rule 22(b) has not been attacked in these proceedings and therefore I assume its validity and binding effect.

and the Commission should deny the means to accomplish that purpose.

While I agree that the purpose of workmen's compensation is to compensate for lost wages, the Commission is being impractical in looking solely to the injured workmen in defining the objectives of the law. In my opinion, the salutary benefits of the Workmen's Compensation Act flow not only to the injured workmen but also to those who are dependent upon the injured workmen for sustenance. As was stated in *Prigosin v. Industrial Commission*, 113 Ariz. 87, 546 P.2d 823 (1976):

> "[T]he purpose of the workmen's compensation law is to prevent one in petitioner's position *and his dependents* from becoming public charges during the period of his disability." (emphasis added) *Id.* at 89, 546 P.2d at 825.

In this case, there is absolutely no evidence that would justify the Commission concluding that the lump summing in this case would result in petitioner or his wife becoming public charges. In fact, all the evidence is to the contrary. This evidence reveals a frugal couple, with a moderate income during the productive years of their lives, who have saved, acquired a moderate amount of real property, both residential and investment, and who are prepared financially to meet their retirement years. (Petitioner is 66 years old.)

The nagging fear facing them both is that if petitioner should die first, his wife may very well become a public charge, because of the loss of income only payable during petitioner's life. The Commission's theory of the purposes of the Workmen's Compensation Act ignores the dependent status of petitioner's wife and this real possibility. As previously stated, this is shortsighted and wrong.

As can be garnered from this concurring opinion, had I been a Commissioner, I would have exercised my discretion by joining with the two Commissioners who voted to approve the lump summing. However, having found evidence, because of Rule 22(b), which supports the judgment of the two Commissioners who voted to deny the lump summing, I will not substitute my judgment for theirs.

I concur.