587 P.2d 778

**SAVAGE WELDING SUPPLIES and Twin City Fire Insurance, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Joe Pringle, Respondent Employee.**

**No. 1 CA–IC 1902.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 24, 1978.

Snell & Wilmer by George H. Lyons and Dennis W. Johnson, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Finn, Finn & Finn, P.C. by Ruth G. Finn, Phoenix, for respondent employee.

## OPINION

NELSON, Judge.

In this special action—Industrial Commission, petitioners raise several questions, all of which focus on the hearing officer's issuance of what petitioners term a "conditional award". We find that there was no conditional award and the hearing officer acted within his discretion in making his findings.

On October 9, 1975, while employed by Savage Welding Supplies as a delivery truck driver, Joe Pringle suffered an industrial injury when the tailgate of his truck sprang backward, dropping a bottle on him.

In his attempt to catch the bottle, he was pulled to the ground, suffering a "popping" in his back which was later diagnosed by his treating physician as a ruptured disk. Pringle's claim was accepted for benefits which were paid continuously until petitioners issued a notice of claim status on January 7, 1977 which terminated benefits as of January 5, 1977 and discharged Pringle with no permanent disability. Pringle timely filed a request for hearing to contest the notice of claim status and two hearings were held to decide the matter.

After the hearing, the presiding hearing officer, in conjunction with medical testimony, determined that a laminectomy could greatly improve his condition. If, however, Pringle chose not to have the surgery, his condition was stationary in that nothing more could be done to improve him. Since Pringle had at one time refused the laminectomy, the hearing officer required that he give written consent to the surgery within 60 days of the issuance of the award or his condition would be deemed stationary as of the date stated on the carrier's January 7, 1977 notice of claim status.

Petitioners argue that this "conditional award" was improper because it was not sufficiently definite and certain to dispose of all the material issues in the case, citing *Fernandez v. Industrial Commission*, 102 Ariz. 50, 424 P.2d 451 (1967); *Hatfield v. Industrial Commission*, 89 Ariz. 285, 361 P.2d 544 (1961). We disagree.

This award meets the certainty and definiteness requirements of those cases. There are essentially three aspects of the award the petitioners now dispute: (1) the finding that Pringle's condition was not stationary if he would consent to surgery and was stationary if he would not; (2) the 60-day allowance of time for Pringle's written consent to the surgery; and (3) the lack of a determination that Pringle's prior refusal to have surgery was an unreasonable refusal under A.R.S. § 23–1027.

In our opinion, these objections lack merit.

## WAS PRINGLE'S CONDITION STATIONARY?

■ The hearing officer's principal obligation in this case was to determine whether Pringle's condition was stationary as indicated by the notice of claim status. While the courts have had some difficulty in formulating the definition of a stationary condition, in *Aragon v. Industrial Commission*, 14 Ariz.App. 175, 481 P.2d 545 (1971) a working rule was established:

> "[t]he term 'stationary' refers to that time when the physical condition of the employee resulting from the industrial injury has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition." 14 Ariz.App. at 176, 481 P.2d at 546.

*See also Continental Casualty Company v. Industrial Commission*, 23 Ariz.App. 294, 532 P.2d 869 (1975); *Home Insurance Company v. Industrial Commission*, 23 Ariz.App. 90, 530 P.2d 1123 (1975).

The hearing officer, supported by medical testimony, determined that Pringle was in need of a laminectomy to improve his condition. By definition, therefore, Pringle's condition could not be considered stationary since an operation was warranted to improve it. However, the hearing officer did find that should the surgery be refused, nothing more than the conservative treatment of muscle relaxants and physical therapy could be done to improve his condition and it would therefore be stationary.

This analysis, though perhaps unusual, was practical and warranted under the circumstances. The hearing officer was protecting the carrier against the threat of having to pay continuing benefits to a claimant who would not accept necessary treatment. We do not consider this too indefinite, and we must uphold the award if it is based upon any reasonable interpretation of the evidence, which it was. *Scowden v. Industrial Commission*, 115 Ariz. 81, 563 P.2d 336 (App.1977); *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972).

## SURGICAL CONSENT FORM

■ Petitioners introduce several possible approaches by which Pringle could have abused his option to accept or refuse surgery within 60 days, thereby receiving continued benefits while manipulating the timing of his signing of the written consent for surgery. In view of the events which actually occurred in this cause, we find neither merit in this argument nor unreasonableness in the 60-day written consent requirement by the hearing officer. Petitioners' major objection was that under the statute A.R.S. § 23–942, they would only have 30 days to protest the award but they would not actually know what the award was for 60 days.

The award here was issued on September 1, 1977. On September 30, 1977, petitioners filed a request for review pursuant to A.R.S. § 23–942. On October 18, 1977, Pringle filed a written consent to surgery with the Commission and on November 16, 1977 the hearing officer affirmed his award on review. The facts indicate that petitioners' right to protest the award was in no way sacrificed by the 60-day requirement since in fact the award was protested within 30 days. Furthermore, in addition to Pringle's testimonial avowal that he would consent to surgery, there was a signed written consent form in the file by the time the award was affirmed on review on November 16, 1977, thus alleviating any problems of indefiniteness. Therefore we find no prejudice to petitioners or abuse of discretion by the hearing officer in the 60-day consent requirement.

## PRIOR REFUSAL OF SURGERY

Finally, petitioners contend that Pringle is not entitled to continued benefits because of his previous allegedly "unreasonable" refusal to have the back surgery.

■ We are not convinced by the petitioners' argument on appeal that Pringle's previous refusal of surgery was unreasonable. Initially we note that this alleged unreasonableness was not the cause for the carrier's notice of claim status terminating

benefits; it was not raised at the hearing and was only peripherally mentioned in the petitioners' request for review.

A.R.S. § 23–1026(E) permits the carrier to apply to the Commission for reduction or suspension of benefits when a claimant refuses to undergo treatment reasonably necessary to promote recovery. Since the carrier chose not to avail itself of this remedy and raised this argument for the first time in its motion for rehearing, we are unpersuaded.

Furthermore, we note that implicit in the hearing officer's findings was his determination that Pringle's prior refusal of surgery was not unreasonable under the terms of A.R.S. § 23–1027. Viewing the evidence in the light most favorable to sustaining the award, *Cardinale v. Industrial Commission,* 116 Ariz. 342, 569 P.2d 284 (App.1977), it supports the hearing officer's finding.

The surgery was major—a laminectomy. At the time of his previous refusal, Pringle was advised that it was the only procedure that could greatly improve his condition, although it might not help and it would involve risks. His treating physician was willing to continue with conservative care and did not see that form of treatment as

necessarily inferior under the circumstances unless it failed to improve his condition, in which case surgery would become the only answer. In this light it was not improper to find the prior refusal of surgery reasonable.

It should be briefly noted that in a similar case where a laminectomy was in question, this Court held that each case must be decided on its individual facts, but where the operation is major and the claimant has a genuine fear of the surgery, his refusal may be found to be reasonable. *Arthur G. McKee and Company v. Industrial Commission,* 24 Ariz.App. 218, 537 P.2d 603 (1975). Here we agree with the hearing officer that the refusal was reasonable.

The hearing officer's decision was amply supported by the evidence and must therefore be affirmed on this review.

WREN, P. J., and EUBANK, J., concur.