590 P.2d 652

**Ernestine LANE, Plaintiff-Appellant,**

v.

**LEVI STRAUSS & CO.,
Defendant-Appellee.**

No. 3591.

Court of Appeals of New Mexico.

Jan. 23, 1979.

Tapia & Campos, Albuquerque, for plaintiff-appellant.

Stephen M. Williams, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

On July 16, 1976, plaintiff sustained an accidental injury to her back arising out of and in the course of her employment as a seamstress. The injury was a herniated and bulging disc. Plaintiff was advised to undergo surgery, but since the results of the operation could not be guaranteed, plaintiff reasonably refused the operation. The court found plaintiff *temporarily* totally disabled and refused her a lump-sum award. The lump-sum award was denied because plaintiff failed to show the existence of exceptional circumstances, that it was in her interest for rehabilitation or that it was generally in her best interest.

The court concluded, however, as a matter of fact, that plaintiff was entitled to compensation "for temporary total disability *for an indefinite period of time,* not to exceed the maximum benefits provided for under the terms and conditions of the Workmen's Compensation Act." [Emphasis added.]

Judgment was entered that plaintiff be awarded judgment for *temporary* total disability, but that she be paid compensation benefits for the period beginning July 16, "*and continuing for an indefinite time,* not to exceed the maximum period specified in the Workmen's Compensation Act." [Emphasis added.]

On appeal, plaintiff claims the facts show she suffered permanent total disability and was entitled to a lump-sum payment. In addition plaintiff challenges the amount of attorney fees awarded in the trial court. We affirm the judgment.

This case was ably presented to the district court. Memorandum briefs and good oral arguments preceded the court's decision. The facts of this case are difficult; it required the wisdom of King Solomon to solve the perplexing problems confronting plaintiff. On appeal, plaintiff urgently challenges the wisdom of the district judge.

Section 52–1–30(B), N.M.S.A.1978 (Vol. 8, ch. 52) reads:

> If, upon petition of any party in interest, the court, after hearing, determines in cases of *total permanent disability that it is in the interest of the rehabilitation of the injured workman . . . that it is for the best interests of the persons* entitled to compensation . . . the liability of the employer . . . may be discharged by the payment of a lump sum . . . . [Emphasis added.]

Under this statute, three factors determine an award of a lump-sum:

(1) total permanent disability;

(2) rehabilitation of the workman; and

(3) the best interest of the workman.

The court found plaintiff totally disabled. The primary issue is whether plaintiff's disability was, as a matter of law, permanent or temporary.

There is no dispute between the parties that plaintiff suffered permanent total disability. In final argument in the court below, defendant's attorney suggested a finding of permanent total disability. The court said:

. . . It will be the ruling of the court that the claimant be awarded temporary total disability *to continue indefinitely.* [Emphasis added.]

"To continue indefinitely" was carried over into the conclusions of the court and the judgment rendered. Perhaps, the court used the words "temporary total disability" to avoid payment of a lump-sum award. On the other hand, the trial court denied the lump-sum payment for reasons that fall within § 52–1–30(B), *supra,* which requires a determination that the case be one of total permanent disability.

Plaintiff could not be compelled to undergo major surgery. Under this circumstance her disability was of indefinite duration or of a permanent nature. *Delafield v. Maples,* 2 So.2d 704 (La.App.1941). We hold that the court determined that plaintiff suffered permanent total disability.

Permanent and temporary disability are not defined by either the Workman's Compensation Act or any judicial opinion in New Mexico. The time is present when these terms should be defined as guidelines. Other jurisdictions have defined "permanent disability" in several ways.

(1) Disability is permanent when a workman is disabled and major surgery is refused. *Delafield, supra.*

(2) Disability is permanent when the disabling condition proximately caused by an injury is no longer remedial and its character has expectedly an unchangeable condition. *Shea v. Department of Labor and Industries,* 12 Wash.App. 410, 529 P.2d 1131 (1974).

(3) Disability is permanent when further change for better or worse is not reasonably anticipated under usual medical standards. Either no further medical treatment is possible or the success of that which is suggested is so problematical as to warrant refusal to undergo it. The need for further medical treatment is not incompatible with the status of permanent disability. *Subsequent Injuries Fund v. Industrial Acc. Com.,* 226 Cal.App.2d 136, 37 Cal.Rptr. 844 (1964).

(4) Disability is permanent when substantial improvement has not occurred for a long period of time, such as two years. *Overland Construction Co. v. Industrial Com'n,* 37 Ill.2d 525, 229 N.E.2d 500 (1967).

(5) Disability is permanent when it appears that the disability will, with reasonable probability, continue for an indefinite period of time without any present indication of termination. *Logsdon v. Industrial Commission,* 143 Ohio St. 508, 57 N.E.2d 75 (1944).

(6) Disability is permanent when the condition becomes static and disability continues. The workman has then reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition. *Home Insurance Company v. Industrial Commission,* 23 Ariz.App. 90, 530 P.2d 1123 (1975).

In contrast, "temporary disability" is that which lasts for a limited time only while the workman is undergoing treatment. This classification anticipates that eventually there will be either complete recovery or an impaired bodily condition which is static. *Hiatt v. Department of Labor and Industries,* 48 Wash.2d 843, 297 P.2d 244 (1956). Temporary disability ceases when the injured workman's physical condition becomes static or stationary. *Home Insurance Company, supra.*

Almost 2½ years have passed since the occurrence of plaintiff's back injury. Her medical condition is static subject to major surgery. It is obvious that plaintiff is totally and permanently disabled as a matter of law.

The second and third issues are whether a lump-sum award was in the interest of the rehabilitation of the plaintiff or in her general best interests. The decision in both instances rests with the trial court's discretion.

Section 52–1–30(B), quoted earlier in this opinion, provides for lump-sum awards when such an award would aid in claimant's rehabilitation. Before the amendment the statute in effect, § 52–1–50, was entitled Vocational Rehabilitation Services. The

purpose of this statute was to allow a workman to retrain himself for suitable employment to prevent the claimant from being on the welfare rolls. See *Ruiz v. City of Albuquerque,* 91 N.M. 526, 577 P.2d 424 (Ct.App. 1978). With knowledge of the phrase Vocational Rehabilitation Services, the legislature omitted the word "vocational." By this omission, the legislature intended that the word "rehabilitation" should be given its ordinary meaning. "Rehabilitation is the restoration of an individual to his greatest potential—physically, mentally, socially and vocationally." *Jones v. Grinnell Corp.,* 117 R.I. 44, 362 A.2d 139, 143 (1976). "[T]he word 'rehabilitation' is defined in Webster's New International Dictionary (2d Ed.), in the sense used in the statute, as the restoration of one's health and efficiency." *Le Clair v. Textron Mills,* 77 R.I. 318, 75 A.2d 309, 311 (1950).

█ We hold that the trial court did not abuse its discretion in denying plaintiff a lump-sum award either for purposes of rehabilitation or on a claim that it would be in her best interest. In *Codling v. Aztec Well Servicing Co.,* 89 N.M. 213, 549 P.2d 628 (Ct.App.1976) we held that each case stands or falls on its own merits. Cases are collected in which lump-sum awards were granted and denied. Plaintiff relies on *Prigosin v. Industrial Commission* cited in *Codling* as an example of an instance in which a lump-sum award was granted. *Prigosin* was later reversed, (113 Ariz. 87, 546 P.2d 823 (1976)), and the reversal subsequently followed. *Scowden v. Industrial Commission,* 115 Ariz. 81, 563 P.2d 336 (1977); *Jones v. Industrial Com'n of Arizona,* 114 Ariz. 606, 562 P.2d 1104 (1977).

█ Plaintiff detailed the debts, loans, monthly payments, etc., which leave her in desperate financial straits. It is apparent that a lump-sum award would benefit plaintiff at this moment, but such an award could be quickly exhausted and plaintiff left to the welfare rolls for relief. Plaintiff does not have advisors to carefully weigh the benefit of a lump-sum award against the certainty of monthly payments. This was the district court's duty. See, *Jones,*

*supra.* "That a claimant wants a commutation has no relevancy whatsoever as to whether it is in his best interest. While workmen's compensation benefits are to a limited extent to take the place of a workman's earnings (citation omitted), the purpose of the workmen's compensation law is to prevent one in petitioner's position and his dependents from becoming public charges during the period of disability." *Prigosin, supra,* 546 P.2d at 825. See, *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975). We cannot hold as a matter of law that a lump-sum award is in the best interest of the plaintiff.

█ Another factor for consideration is plaintiff's ultimate decision on the matter of major surgery. In her deposition she testified that she would have the operation if the doctors advised her it would be of help. If surgery is undertaken and plaintiff's total and permanent disability is substantially reduced to partial disability or plaintiff completely recovers, a lump-sum award would thwart the purpose of the Workmen's Compensation Act. Plaintiff will have received full payment for 600 weeks and yet been able to perform work during a part of this period of time. Workmen's compensation awards are not final judgments in that either the employer or employee can seek modification of the award at six month intervals. Section 52–1–56; *Martinez v. Earth Resources Co.,* 90 N.M. 590, 566 P.2d 838 (Ct.App.1977), Sutin, J., specially concurring; *Johnson v. C & H Construction Company,* 78 N.M. 423, 432 P.2d 267 (Ct.App.1967).

We hold that the trial court properly denied plaintiff a lump-sum award.

█ Finally, plaintiff claims that an award of an attorney fee of $4,250.00, 10% of plaintiff's total recovery, was not a reasonable attorney fee. Plaintiff's attorney cited a case in which $4,250.00 was held reasonable and the court was satisfied. A "reasonable attorney fee" has been a continuous quarrel, the amount changing from district judge to district judge. A dissatis-

508

fied workman or employer must sell the value of an attorney's services to the district judge, and, except for a rare result, the determination should rest in peace. The proper rule or standard to be applied in reviewing awards for attorney fees was stated in *Elsea v. Broome Furniture Co.*, 47 N.M. 356, 143 P.2d 572 (1943). It was recently quoted at length in *Michelson v. Michelson*, 89 N.M. 282, 551 P.2d 638 (1976). Regardless of the various comments made and results reached in other cases, the *Elsea* rule is controlling. It need not be repeated again. The award made of attorney fees is affirmed.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs in result only.

LOPEZ, J., concurs.