643 P.2d 1049

John RABAGO, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Tucson Unified School District, Respondent Employer,

The Home Insurance Company, Respondent Carrier.

No. 1 CA–IC 2567.

Court of Appeals of Arizona, Division 1, Department C.

April 8, 1982.

Dee Dee Samet, P. C. by Dee Dee Samet, Tucson, for petitioner employee.

Calvin Harris, Chief Counsel by Jo Ann Gaffaney and James A. Overholt, Phoenix, for respondent The Industrial Commission of Arizona.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

## OPINION

HAIRE, Judge.

The only issue presented in this review of an award entered in a workmen's compensation proceeding is whether the respondent Commission abused its discretion in denying the petitioning employee's request for a lump-sum commutation of a permanent partial disability award. We hold that the Commission abused its discretion in this case, and the award is therefore set aside.

In August 1980 the Commission issued its findings and award for unscheduled permanent partial disability awarding the petitioner (hereinafter, claimant) workmen's compensation benefits in the sum of $222.54 per month. After subtracting attorney's fees, the net monthly workmen's compensation payment was $166.91. Thereafter, the claimant, with the consent of the carrier, filed a request for commutation of the monthly benefits award to a lump sum of $25,000. The present value of the award was $25,447.45. The Commission then held a hearing at which the claimant presented evidence in support of the request. Subsequently, an award was entered denying commutation.[1]

The Commission is given the authority to commute periodic payments of compensation to a lump-sum award by A.R.S. § 23–1067. It provides in part:

"The commission may allow commutation of compensation [for an unscheduled award of total or partial disability] to a lump sum not to exceed twenty-five thousand dollars, with the consent of the carrier liable to pay the claim, under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation."

■ Although this statute does not contain any standard to guide the Commission in the exercise of its discretion in determining whether to allow commutation, Arizona case law has remedied this statutory omission by holding that the Commission should allow a lump-sum commutation only if it appears to be in the "best interests" of the claimant. *Goodrich v. Industrial Commission*, 13 Ariz.App. 402, 477 P.2d 276 (1970); *Prigosin v. Industrial Commission*, 113 Ariz. 87, 546 P.2d 823 (1976); *Jones v. Industrial Commission*, 114 Ariz. 606, 562 P.2d 1104 (App.1977); *Stell v. Industrial Commission*, 23 Ariz.App. 167, 531 P.2d 543 (1975).

Applying this "best interests" test, the Commission's denial of a commutation request has been affirmed by this court where the proposed investment of the lump sum was of a speculative nature. *See Stell v. Industrial Commission, supra.* As noted in *Stell*, the determination of what constitutes the best interests of the claimant does not lie within the exclusive province of the workman and the employer's workmen's compensation insurance carrier. Rather, the state also has a significant and legitimate interest in that determination. The fundamental concept underlying our entire statutory workmen's compensation scheme is that ordinarily the best interests of a disabled worker are met by an award which provides for dependable periodic payments replacing a portion of the disabled worker's lost earnings. By providing for continuing periodic payments rather than a lump-sum

---

1. Only four commissioners were present at the hearing. Two voted to approve the request, and two voted to disapprove the request. Since the claimant had the burden of obtaining affirmative Commission action on the request, the tie vote effectively functioned as a disapproval. *See Scowden v. Industrial Commission*, 115 Ariz. 81, 563 P.2d 336 (App.1977).

cash settlement, the normal workmen's compensation award eliminates the possibility that the compensation benefits provided to the disabled worker will be totally wasted or lost in economically infeasible business ventures, thereby leaving the disabled worker as a burden on society. It has been repeatedly recognized that one of the purposes of our workmen's compensation law is to prevent the disabled worker and his dependents from becoming public charges during the period of disability. *See, e.g., Prigosin v. Industrial Commission, supra; Jones v. Industrial Commission, supra.*

As indicated above, this court recognized in *Stell* that in applying the "best interests" test, the Commission may consider the possibility that the lump-sum cash settlement might be squandered, wasted or lost in an economically infeasible investment. Our courts have also recognized that in applying the best interests test, the Commission may legitimately conclude that a lump-sum award is not within the best interests of the claimant where the contemplated return on the proposed investment is less than the net income which the disabled worker would have received under the uncommuted award. *Prigosin v. Industrial Commission, supra; Scowden v. Industrial Commission, supra.*

A further attempt to set standards for the exercise of the Commission's discretion in lump-sum requests is found in the Commission's rules, adopted in 1973, as follows:

R4–13–122. Lump sum commutation

"A. If a petition for a lump sum commutation is filed in an unscheduled case, the Commission cannot grant such petition unless carrier approves of such petition.

"B. If the Commission has the carrier's approval, then a primary consideration will be whether more net income per month will be generated after receipt of the lump sum than the applicant is presently receiving. The granting of a lump sum petition is the exception and will only be granted if the facts demonstrate a reasonable basis for financial betterment or rehabilitation of the claimant.

"C. The burden of proving that the commutation of compensation satisfies the criteria in B is on the applicant."

Although this rule is mentioned in *Scowden v. Industrial Commission, supra,* there are no Arizona decisions which have discussed its provisions in detail. The rule, however, appears to be in accord with prior appellate decisions relating to the commutation of workmen's compensation awards. For example, the provisions of the rule placing the burden of proof in lump-sum commutation cases on the claimant finds support in *Scowden v. Industrial Commission, supra.* Likewise, the provision authorizing the Commission to give primary consideration to whether more net income per month will be generated after the receipt of the lump sum than is being generated under the uncommuted award is consistent with Arizona's prior application of the best interests test. *See Prigosin v. Industrial Commission, supra; Scowden v. Industrial Commission, supra.*

The rule's standard requiring the showing of "a reasonable basis for financial betterment" is obviously more inclusive than the greater net income provision, and in our opinion would allow the Commission to consider, not only the contemplated change in monthly income, but also to evaluate the economic feasibility or speculative nature of the proposed utilization of the proceeds of the commuted award. Such an interpretation of the rule would be in accord with the standard applied in *Stell v. Industrial Commission, supra.*

■ The Arizona appellate decisions discussed above have emphasized the broad discretion vested in the Commission in making its determination as to whether a lump-sum cash settlement rather than monthly payments would be in the best interests of the disabled worker. That discretion, however, is not unbridled. It must be exercised in accordance with the standards developed in the Arizona decisions, as well as the standards adopted by the Commission itself in its above-quoted rule. In reviewing a Commission determination relating to commutation requests, this court should bear in

mind the Commission's broad discretion in this area, and uphold the Commission's determination unless the determination is unreasonable and constitutes an abuse of discretion. *Prigosin v. Industrial Commission, supra.* With these principles in mind, we now consider the facts presented in this review, stating those facts in a light most favorable to sustaining the Commission's denial of the claimant's commutation request.

The evidence presented at the hearing before the Commission showed that claimant was 64 years of age at the time of the commutation request. He owned his own home in Tucson, Arizona, and had lived there for 21 years. The mortgage balance on the home was approximately $5,000. Neither he nor his wife were employed. Their monthly income, consisting of social security, veteran's pension and workmen's compensation benefits, totaled $784.11. From this retirement income, claimant had managed to save some $8,400 and, with the assistance of his son, had invested most of it in money-market certificates. He testified that because the monthly workmen's compensation payments would cease at his death, one of the reasons for requesting the lump-sum commutation was based upon his desire to have the lump-sum amount in his estate for the benefit of his elderly wife after his death. However, this was not the only, nor necessarily the primary reason for his commutation request. He also desired to have the benefit of a substantial increase in monthly income based upon his contemplated investment of the lump-sum amount.

An investment advisor testified that at the current interest rates, claimant would receive $212 per month after investing the lump sum in treasury bonds. This was $45 more than claimant was currently receiving as a net monthly workmen's compensation benefit. The value of the bond itself could vary with changes in the interest rates, but if interest rates decreased, the value of the bond would increase. Claimant's son, a university student studying accounting, testified that he had assisted his father in selecting previous investments and that he agreed with the suggestion of investing the lump sum in treasury bonds.

Unlike the claimants in *Prigosin* and *Stell,* no evidence was presented from which it might be inferred that this claimant would dissipate the lump sum or that the funds would be invested in a speculative venture. To the contrary, the proposed investment was undeniably of an extremely sound nature, and claimant's demonstrated habits of thrift and frugality clearly mitigated against any contention that he would dissipate or waste the lump-sum settlement in frivolous or speculative ventures.

Claimant's argument before this court is simply that the evidence shows full compliance with the Commission's rule which states that "a primary consideration will be whether more net income per month will be generated after receipt of the lump sum." Additionally, claimant urges that since the investment cannot be considered to be speculative in nature, and since there is no evidence from which it could be inferred that the lump sum would be dissipated, the rule's requirement that "the facts demonstrate a reasonable basis for financial betterment" has been met, and thus there has been a clear showing that the requested commutation would serve his best interests.

The Commission's responses are not persuasive. First, the Commission notes that the proposed investment of the commuted award would result in *only* $45 more income per month to claimant than the monthly workmen's compensation benefit he is presently receiving. The Commission would therefore apparently treat the increase as *de minimis.* In considering claimant's total economic circumstances, it is difficult to justify classifying this projected increase in such a cavalier manner and as not substantially contributing to the financial betterment of this particular claimant. While an extra $45 per month may not appear to be an earth-shaking amount, when viewed in perspective, it represents a 27% increase over and above the workmen's compensation payment presently being received. Also, in view of the non-taxable status of the claimant's other income, it could not

realistically be urged that this new income would be substantially diminished by income taxes.

Relying upon *Prigosin v. Industrial Commission, supra*, the Commission appears to also take the position that claimant's desire to have the award commuted so as to provide additional security in his estate for his wife somehow detracts from the feasibility of commutation in this case. This is a misinterpretation of *Prigosin*. In *Prigosin*, in order to enhance his peace of mind and that of his wife, the claimant proposed to use some 40% to 50% of the commuted award to pay previously incurred medical bills, and then to invest the remainder in savings. The resulting income from the savings would have generated substantially less income than that which was then being received by the claimant in monthly workmen's compensation payments. Under these circumstances the *Prigosin* court, although recognizing that the claimant's peace of mind and desire to provide future security for his wife were factors to be considered, held that such considerations were not of such a vital nature as to justify a finding that the Commission's denial of commutation constituted an abuse of discretion.

■ Since a recognized purpose of our workmen's compensation laws is to prevent the injured workman and his dependents from becoming public charges, we hold that a commutation plan which has the dual purpose of providing additional security for the claimant's dependents through increasing the value of his estate, while at the same time generating income in excess of that which would be received from the uncommuted award, constitutes a strong showing that commutation would be in the best interests of the claimant. This is especially true where there is no evidence presented to the Commission which would justify a finding that there is a likelihood that the lump-sum settlement would be dissipated or wasted. Here, unlike the facts presented in prior Arizona decisions which have upheld the Commission's denial of commutation requests, the record negates any reasonable likelihood that the lump-sum award would be dissipated, and affirmatively establishes that the income to the claimant after the commutation would be substantially greater than that presently received under the uncommuted award.

■ We find no merit in the Commission's argument that the denial of relief can be justified because the claimant was financially unsophisticated, and thus was relying upon investment advice from his son. Under the circumstances presented here, this argument is irrelevant to the determination of whether the commutation would result in financial betterment and thus be in the best interests of the claimant. This is not a case where a disabled workman plans to enter a business venture requiring skills which he may not have or the making of ongoing decisions regarding matters not within his past experience or expertise, and which cannot reasonably be delegated to others. *See generally, Stell v. Industrial Commission, supra*. Rather, here the claimant has prudently sought sound investment advice from his more knowledgeable son, and intends to rely upon that advice as he has successfully done in the past. The nature of the proposed investment does not require the making of ongoing and continual investment decisions by claimant. Therefore his lack of financial expertise becomes immaterial, and in fact it is his willingness to rely upon sound financial advice which enhances the advisability of commutation in this case.

In summary, no evidence was presented which would justify the denial of claimant's request for commutation. On the other hand, claimant presented evidence which fully met his burden of proof in meeting the requirements imposed by A.C.R.R. R4–13–122.B, and showing that the proposed commutation would be in his best interests.

Unlike the claimant in *Scowden v. Industrial Commission, supra*, the claimant herein showed that the commutation would put him in a better position financially and thereby make him more self-sufficient. His frugality as evidenced by his own past savings of several thousands of dollars from a

meager retirement income demonstrated that there was little likelihood that the lump sum would be wasted or squandered. Although the Commission has broad discretion in commutation matters, as we have previously indicated its discretion is not unlimited. Under the facts presented here we find that the Commission's denial of commutation was unreasonable and constituted an abuse of discretion.

The award is set aside.

EUBANK, P. J., and CONTRERAS, J., concur.